No. 72–5247. GRUBB v. OKLAHOMA. Ct. Crim. App. Okla. Certiorari denied. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner and Lynette Murphy lived together as husband and wife in Collinsville, Oklahoma, from September 1970 through the end of January 1971. After leaving petitioner, Lynette went to live with her sister and brother-in-law, Lana and Larry Sanders, in Collinsville. At approximately 8 p. m. on February 2, 1971, petitioner went to the Sanders' residence, displayed a gun, and informed Gary Hany, another occupant, that he intended to take Lynette with him. After a wait of approximately 45 minutes, Lynette, Lana, and Larry arrived at the residence. Petitioner told Lynette that if she refused to go with him he would kill them all. Lynette became "kind of shook up" and agreed to go. Petitioner then

took Larry Sanders' money (three dollars) and car keys, and left with Lynette in the Sanders' car. After an extensive chase, petitioner was apprehended by the Oklahoma police and was charged with kidnaping, two counts of armed robbery, and unauthorized use of a motor vehicle.*

Although all of these charges arose out of the "same transaction or occurrence," they were prosecuted by the State in two separate proceedings. At the first trial, petitioner was convicted of the armed robbery of Larry Sanders. At the second trial, he was convicted of kidnaping Lynette Murphy, and was acquitted of a charge of armed robbery of Lana Sanders. Petitioner's contention that this second prosecution was barred by the provisions against double jeopardy in both the State and Federal Constitutions was rejected by the Oklahoma Court of Criminal Appeals, one judge dissenting. *Grubb* v. *State,* 497 P. 2d 1305 (1972).

I would grant the petition for certiorari and reverse. I adhere to my view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U. S. 784 (1969), requires the prosecution, except in most limited circumstances not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454 (1970) (concurring opinion); see *Miller* v. *Oregon,*

---

*The charge of unauthorized use of a motor vehicle was dismissed by the trial court on the ground that it violated petitioner's right against double jeopardy. The court apparently ruled that the prosecution for armed robbery of Larry Sanders, which included the forcible taking of Sanders' car keys, precluded an additional prosecution for unauthorized use of the vehicle itself.

405 U. S. 1047 (1972) (dissenting opinion); *Harris* v. *Washington,* 404 U. S. 55, 57 (1971) (concurring opinion). Under this "same transaction" test, all charges against petitioner should have been brought in a single prosecution.