446 A.2d 941

**COMMONWEALTH of Pennsylvania**

v.

**Earl T. KELLY, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1981.

Filed June 11, 1982.

---

452

Edward F. Kane, Norristown, for appellant.

David McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and McEWEN, JJ.

WIEAND, Judge:

Can the crime of theft by receiving stolen property be committed by a person who retains possession thereof after he or she has acquired knowledge or reason to believe that such property has been stolen even though the initial possession thereof was acquired innocently? This is the principal issue raised in this appeal following conviction for theft by receiving a stolen piece of equipment known as a Case Backhoe. The trial judge instructed the jury that the crime could be committed by appellant even if he came into possession of the stolen equipment innocently if subsequent thereto he learned that the equipment had been stolen and nevertheless retained possession. We agree that this instruction was correct, and, because appellant's remaining contentions are without merit, we affirm the judgment of sentence.

In November, 1978, a Case Backhoe, owned by Danella Equipment Rental and valued at $38,000.00, was stolen from

a site where work was being done for Philadelphia Electric Company. On October 20, 1979, police found the stolen backhoe on premises of Globe Disposal Company in Montgomery County.[1] Earl T. Kelly, the owner of Globe Disposal Company and the appellant herein, told police that an unknown male person had requested and obtained permission to leave the backhoe on the premises because it was not functioning properly. The backhoe was left on Kelly's premises in January or February, 1979, and remained there until the police found it. Other evidence was produced from which a jury could infer that in the interim appellant acquired reason to believe that the backhoe had probably been stolen.[2]

Section 3925 of the Crimes Code provides:

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

The trial court read this section to the members of the jury and then instructed them as follows:

Well, members of the jury, this can be a continuing offense. In other words, we think of this offense normally in terms of one who receives property, knowing at the time he received it, that it was stolen property.

The common sense is the classic example of that. But there are other varieties of committing this offense.

1. In addition to theft by receiving stolen property, appellant was charged with theft by unlawful taking in violation of 18 Pa.C.S. § 3921(a) and dealing in vehicles with removed or falsified numbers in violation of the Vehicle Code of June 17, 1976, P.L. 162, No. 81, § 1, 75 Pa.C.S. § 7103(b). The charge of theft by unlawful taking was dismissed by the magistrate after the preliminary hearing; and the jury acquitted appellant of dealing in vehicles with removed or falsified numbers.

2. Examination of the backhoe disclosed that the equipment had been re-painted and that the manufacturer's number had been removed. Appellant testified that he had not been concerned about a possible theft or the fact that no one came to get the backhoe because he believed he could use it in his business.

If, for an example, you receive property, and you don't know it's stolen, but thereafter you either learn that it was stolen, or you have reasonable grounds to believe that it was probably stolen, and you do nothing about it, and continue to retain the property, you are still guilty of this offense.

Appellant contends that this instruction was erroneous. He argues that in order to convict of theft by receiving stolen property, the Commonwealth must prove that the accused had guilty knowledge when the property was received.

Knowledge that property has been stolen or a belief that it has probably been stolen is an essential element of the crime of receiving stolen property. *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973). However, the necessary mens rea may arise following actual receipt of the property; it need not exist at the very moment of reception. The statute, by its express terms, makes it criminal to "receive, *retain* or dispose" of stolen property. Thus, a person may be found guilty of receiving stolen property if he intentionally retains property of another knowing, or having reasonable cause to know, that it has been stolen. He retains it if he "hold[s] or continue[s] to hold [the stolen property] in possession or use." Websters Third New International Dictionary, 1965.

In *Commonwealth v. Farrar*, 271 Pa.Super. 434, 413 A.2d 1094 (1979), a panel of this Court was asked to consider the nature of the offense in order to determine (1) whether the courts in Pennsylvania had jurisdiction to try a defendant who had received stolen property in Maryland before moving, with the goods, into Pennsylvania, and (2) the act which triggered the running of the statute of limitations. The Court held that the retention of stolen property is a "continuing" offense which does not terminate until the stolen property is taken from the accused. *See also Commonwealth v. Hawkins*, 294 Pa.Super. 57, 64, 439 A.2d 748, 752 (1982); *Williams v. Superior Court of Los Angeles County*, 81 Cal.App.3d 330, 146 Cal.Rptr. 311 (1978); *State v. Raffone*, 161 Conn. 117, 123, 285 A.2d 323, 327 (1971); *People v. Dickerson*, 21 Ill.App.3d 977, 983, 316 N.E.2d 519, 525 (1974),

*rev'd on other grounds*, 61 Ill.2d 580, 338 N.E.2d 184 (1975); *State v. Ellerbe*, 217 La. 639, 47 So.2d 30 (1950); *Commonwealth v. Carroll*, 360 Mass. 580, 585, 276 N.E.2d 705, 709 (1971); *State v. Lawrence*, Minn., 312 N.W.2d 251, 253 (1981); *State v. Davis*, 302 N.C. 370, 374, 275 S.E.2d 491, 494 (1981); *State v. Hoffman*, 15 Or.App. 524, 528, 516 P.2d 84, 86 (1974).

An issue similar to that in the instant case arose in the case of *Commonwealth v. Meyers*, 64 Lanc.L.Rev. 381 (1975). There, stolen car parts were discovered in a garage on the defendant's property. Investigating police informed the defendant that the parts had been stolen and that the police would return the next day with a warrant. When they returned, they found the parts gone, but a pile of burned debris, which included car parts, was found on the property. There was no proof that the defendant had received the parts knowing of their origin; however, the evidence clearly showed that he had disposed of them, in violation of 18 Pa.C.S. § 3925, after learning that they had been stolen.

█ It seems clear from the language of the statute that the crime of theft by receiving stolen property includes the situation where an accused innocently receives stolen property but continues to retain it after he or she has learned or acquired reason to believe that the property was stolen. We conclude, therefore, that the instructions of the trial court were correct.

Appellant also contends that the court erroneously instructed the jury that he had acknowledged possession of the backhoe. The defense submitted a point for charge, which was affirmed by the court, as follows:

Number Two, is affirmed and reads as follows:

"In order to convict the defendant, you must be convinced beyond a reasonable doubt that the defendant who appears before you today was in possession of the back-hoe which is the subject matter of the two informations."

The court then added this comment:

Well, that is true, members of the jury, though I do not see that as much of an issue in the case, though it's for

you, the defendant has acknowledged that he had possession of it.

There was no error in this comment. The evidence, particularly appellant's oral and written statements,[3] supported the trial judge's implied suggestion that possession was not the controlling issue in the case. It is properly the function of the trial judge to define and frame for the jury those factual issues which are contested and which require the weighing of conflicting evidence. In order to achieve this, it is frequently advisable to suggest less significance regarding issues where the evidence is not in dispute. Thus, it had been said:

> ... [I]t is always the privilege and sometimes the duty of a trial judge to express his own opinion, including his opinion of the weight of the evidence and effect of the evidence or its points of strength and weakness ..., provided (1) there is reasonable ground for any statement he may make; and (2) he clearly leaves to the jury the right to decide all the facts and every question involved in the case regardless of any opinion of the court thereon. [Citations omitted].

*Commonwealth v. Nesbitt,* 276 Pa.Super. 1, 6, 419 A.2d 64, 67 (1980). With respect to appellant's possession of the backhoe, the trial judge called to the jury's attention appellant's admission but, nevertheless, left the issue of appellant's possession to the jury. There was no error in such an instruction.

Finally, appellant argues that the Commonwealth failed to prove that he was the Earl T. Kelly named in the

---

**3.** The written statement given by appellant to the police was as follows:

A man came into my office and told me he had a machine that wasn't running right and could he leave it at my place. I told him he could. He left the machine in my yard and left with another man in a gold colored pickup truck. No one returned for the machine until officer DeHaven came in yesterday (Oct. 25) and told me he had information that it was stolen. The machine was at my place from Jan. or Feb. of 79 to Oct. 25, 1979.

information. There is no merit in this argument. Identity of name is prima facie evidence of identity of person. *Commonwealth v. Cover,* 281 Pa. 429, 434, 126 A. 786, 788 (1924); *Commonwealth v. Burton,* 164 Pa.Super. 158, 161, 63 A.2d 508, 509 (1949). In the absence of a denial, this presumption is sufficient to submit the issue of defendant's identity to the jury. *Commonwealth v. Burton,* id., 164 Pa.Super. at 161–162, 63 A.2d at 509. *Cf. Commonwealth v. King,* 455 Pa. 363, 316 A.2d 878 (1974). In the instant case, moreover, there was evidence of appellant's identity as the person named in the information. Detective DeHaven repeatedly and interchangeably referred to "the defendant" and "Mr. Kelly." He testified that "the defendant" was the man with whom he spoke at the Globe Disposal premises, that he informed "Mr. Kelly" of his intention to cause a criminal complaint to be issued, that "the defendant" gave him a written statement, and that he observed "the defendant" sign the statement. Detective DeHaven further stated that the handwriting on the statement was that of "Mr. Kelly." This evidence was more than sufficient to establish the identity of appellant as the Earl T. Kelly who was in possession of the machine and who was named in the information.

The judgment of sentence is affirmed.