473 A.2d 161

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward E. STEWART, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1983.

Filed Feb. 24, 1984.

Reargument Denied April 18, 1984.

Petition for Allowance of Appeal Denied Aug. 22, 1984.

466

Peter T. Campana, Williamsport, for appellant.

Ellen Laura Cohen, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

Edward E. Stewart was arrested on the night of August 16, 1980 and charged with theft by receiving stolen property in connection with the taking of motor oil and tools from an auto shop earlier that evening. Following his arrest, police obtained a search warrant for his vehicle and conducted a search for the motor oil and mechanic's tools. During the search, which produced a case of motor oil and a box of tools, police also found luggage which contained drug paraphernalia and containers in which there appeared

to be controlled substances. Police did not immediately seize the apparent drugs and drug paraphernalia, but on the following day a second search warrant was obtained, and the items were taken into custody.

Stewart was tried and acquitted of theft by receiving stolen property [1] on January 22, 1981. On that day, there still had been filed no complaint against him for possession of controlled substances. The substances seized from his vehicle on August 17, 1980 had been sent to the State Police Crime Lab for analysis on September 24, 1980, and an affirmative finding was reported to the Williamsport police on November 14, 1980. A criminal complaint alleging possession of controlled substances [2] was not filed until May 7, 1981. Stewart then moved to dismiss on grounds that the charge for possession of controlled substances had arisen from the same episode as the theft charge, and that prosecution, therefore, was barred by principles of double jeopardy and also by 18 Pa.C.S. § 110. The trial court denied the motion to dismiss, and Stewart appealed.[3] We affirm.

■ Appellant's prosecution for possession of controlled substances is not barred by principles of double jeopardy. " 'The double jeopardy clause breaks down into three general rules which preclude a second trial or a second punishment for the same offense: (1) retrial for the same offense after acquittal; (2) retrial for the same offense after conviction; (3) multiple punishment for the same offense at one trial.' " *Commonwealth v. Grazier,* 481 Pa. 622, 630, 393 A.2d 335, 339 (1978), quoting *Commonwealth v. Mills,* 447 Pa. 163, 169, 286 A.2d 638, 641 (1971) (emphasis omitted).

1. 18 Pa.C.S. § 3925. Stewart admitted possession of the motor oil and tools, but at trial he denied that he had had knowledge of their theft or reason to believe they had probably been stolen.

2. 35 Pa.C.S. § 780–113(a)(16).

3. Denial of a pre-trial application seeking discharge on double jeopardy grounds is a "final" order and is immediately appealable. *Commonwealth v. Hude II,* 500 Pa. 482, 490 n. 13, 458 A.2d 177, 181 n. 13 (1983). See: *Commonwealth v. Bolden,* 472 Pa. 602, 609, 373 A.2d 90, 93 (1977); *Commonwealth v. Beckman,* 304 Pa.Super. 239, 241, 450 A.2d 660, 661 (1982).

Accord: *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 235 (1980). Theft by receiving stolen property and possession of controlled substances clearly are not the same offense. The "same transaction" concept advanced by appellant has not been adopted by the Supreme Court of the United States. See: *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973) (Brennan, J., concurring); *Grubb v. Oklahoma*, 409 U.S. 1017, 93 S.Ct. 450, 34 L.Ed.2d 309 (1972) (Brennan, J., dissenting); *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (Brennan, Harlan, J.J., concurring). It was specifically rejected by this Court in *Commonwealth v. Webster*, 323 Pa.Super. 164, 470 A.2d 532 (1983).

■ The provisions of 18 Pa.C.S. § 110 require that all known charges based upon the same conduct or arising from the same criminal episode be consolidated for trial unless the court orders separate trials. *Commonwealth v. Hude II*, 500 Pa. 482, 490, 458 A.2d 177, 181 (1983); *Commonwealth v. Webster, supra.* This rule is "intended both to protect a person accused of crimes from governmental harrassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation." *Commonwealth v. Holmes*, 480 Pa. 536, 541, 391 A.2d 1015, 1017 (1978), quoting *Commonwealth v. Tarver*, 467 Pa. 401, 408, 357 A.2d 539, 542 (1976).

The crimes of theft by receiving stolen property and unlawful possession of controlled substances clearly are not the same criminal act. The law defining each of these offenses requires proof of facts not required by the other. The principal issue, therefore, is whether, under the circumstances of this case, the two alleged offenses were part of the same criminal episode.

"[I]n defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered." *Commonwealth v. Hude II, supra,* 500 Pa. at

491, 458 A.2d at 181. There is no logical relationship between the crimes of theft by receiving stolen property and possession of a controlled substance. They are defined by separate statutes and are intended to prevent different evils. There is no similarity of issues involved in proving these distinct offenses. One is a crime of unauthorized possession; the other, although involving the receipt or retention or disposition of movable property, is a crime against property suggesting dishonesty or moral turpitude.

■ It is the lack of a logical relationship between the two offenses which distinguishes this fact pattern from that present in *Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981). When the appellant in that case had been stopped and frisked, police found on his person a pistol and ten glassine packets of heroin. The offenses of carrying a firearm and possession of heroin were held to be part of the same episode because both crimes were possessory offenses which "consisted of the possession of heroin and a gun at precisely the same time." *Id.*, 493 Pa. at 28, 425 A.2d at 348. A charge of theft by receiving stolen property, however, is not merely a crime of possession. It is a crime of theft and can be supported by evidence that it was committed in any manner constituting theft under the Crimes Code. 18 Pa.C.S. § 3902.

■ The temporal relationship between the two offenses with which appellant was charged, moreover, is more theoretical than real. Theft by receiving stolen property, this Court has held, is a continuing offense. See: *Commonwealth v. Kelly*, 300 Pa.Super. 451, 455, 446 A.2d 941, 944 (1982); *Commonwealth v. Farrar*, 271 Pa.Super. 434, 441–442, 413 A.2d 1094, 1098 (1979). In theory, therefore, it may be said that because both offenses were continuing, they occupied the same time frame at the moment when police searched appellant's automobile and found not only stolen property but controlled substances as well. In actuality, however, the temporal relationship between the two offenses is less than clear. The crime of theft by receiving stolen motor oil and mechanic's tools had its genesis in an

unlawful taking which occurred during the early evening of August 16, 1980. There is no basis in the evidence here presented for finding that appellant's possession of controlled substances commenced at the time of the theft or at the time when appellant came into possession of the stolen property.

■ To summarize, there is no logical relationship between a crime of theft and that involving possession of controlled substances. Under the facts appearing in the instant case, moreover, the temporal relationship was marginal at best. We conclude, therefore, that the two offenses were not part of the same episode and were not rendered part of the same episode merely because evidence relevant to both was found during the same search. It follows that appellant's prosecution for possession of controlled substances is not barred by his prior acquittal on a charge of theft by receiving stolen property.

Order affirmed.

McEWEN, J., filed a dissenting opinion.

McEWEN, Judge, dissenting:

As persuasive as may be the expression of the majority view and as desirable as the result may, for the majority, seem to be, I am compelled, most respectfully, to dissent. The issue, in my view, is whether the Commonwealth may proceed to the piecemeal prosecution of two separate crimes even though both crimes sound in unlawful possession and were uncovered during a single search. I am of the view that the prosecution may not proceed in such a fashion but was required to prosecute appellant on both charges at the same time.

The rationale for the compulsory joinder rule, as announced by the Pennsylvania Supreme Court and codified in section 110, was described in *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983), by the eminent Justice Robert N.C. Nix, Jr., as follows:

The compulsory joinder rule set forth in *Campana I and II* and the provisions of section 110 were designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. *See Commonwealth v. Stewart, supra,* 493 Pa. [24] at 29, 425 A.2d [346] at 348 [1981]; *Commonwealth v. Holmes,* 480 Pa. 536, 541, 391 A.2d 1015, 1017 (1978); *Commonwealth v. Tarver, supra,* 467 Pa. [401] at 408, 357 A.2d [539] at 542 [1976]. "By requiring compulsory joinder of all charges arising from ... (the same criminal episode), a defendant need only once 'run the gauntlet' and confront the awesome resources of the state."

*Id.* 500 Pa. at 489, 458 A.2d at 180 *quoting Commonwealth v. Campana, (Campana I),* 452 Pa. 233, 251, 304 A.2d 432, 440–441, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973).

The statute that is the focus of our attention in this appeal, section 110, provides:

### § 110   When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the

time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

Since (1) the drug offenses were known to the appropriate authorities at the time of the commencement of the first trial, (2) the charges were within the jurisdiction of a single court and (3) the court did not order separate trials, section 110(1)(ii) will bar the second prosecution if it is determined that the violations charged in the first and second prosecutions were based on the "same criminal episode".

It strikes me that the decision of the Pennsylvania Supreme Court in *Commonwealth v. Stewart*, 493 Pa. 24, 425 A.2d 346 (1981), is binding upon this court and our consideration of whether the offenses herein arose from "the same

criminal episode". The police there stopped and frisked an accused and found a pistol on his person as well as ten glassine packets containing what later proved to be heroin lying near him on the street. A criminal complaint for carrying a firearm without a license was filed on the day of the arrest and approximately one month after the arrest appellant was charged with possession of heroin. The Commonwealth first brought appellant to trial on the firearms charge, and it was only after he pleaded guilty and was sentenced that the Commonwealth indicted appellant on the heroin charge. Our Supreme Court declared that section 110 was applicable and that "the two offenses with which appellant was charged were clearly part of the same 'episode': appellant's crimes consisted of the possession of heroin and a gun at precisely the same time, 9:20 p.m. on April 25, 1974." *Id.*, 493 Pa. at 28, 425 A.2d at 348.

While the Pennsylvania Supreme Court in *Stewart* examined the commission of two distinct violations of the Crimes Code, both violations shared an essential characteristic, namely, possession of a prohibited item, specifically, a controlled substance and an unlicensed firearm. Our Supreme Court then concluded that the "same criminal episode" requirement of section 110 had been met. The instant situation greatly resembles *Stewart* since the two distinct violations of the Crimes Code here charged also share an essential characteristic, namely, possession of a prohibited item, specifically, stolen goods and illegal drugs. As a result, application of the *Stewart* decision requires that we hold that the two distinct violations of the Crimes Code here charged were the "same criminal episode".

The majority asserts the fact pattern in this case is to be distinguished from the pattern in that *Stewart* case but I fail to observe even a whisper of difference. Nor do I accept the contention that possession of stolen goods sounds in theft. If the prosecution did not see fit to charge appellant with the theft, surely this court is not free to include such a charge in the rationale it would assemble to

permit the prosecution to evade its responsibility and duty to have joined these charges for trial.

It should also be noted that our Supreme Court in *Commonwealth v. Muffley,* 493 Pa. 32, 425 A.2d 350 (1981), expressed a similar view. The defendant there was arrested for possession of marijuana, and later charged with possession of LSD which had been discovered on the body of appellant when he was searched at the police station following his arrest on the marijuana charge. Although the Commonwealth did not argue that the two crimes were separate criminal episodes, our Supreme Court noted that such an argument, if raised, would not have been meritorious.[1]

Justice Nix in *Hude, supra,* discussed the rationale for the interpretation that the Supreme Court had supplied to the term "same criminal episode" when he stated:

The interpretation of the term "single criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created. *Cf. Commonwealth v. Jenkins,* [500] Pa. [144], 454 A.2d 1004 (1982) (*Davenport* rule to be interpreted to " ... accomplish the purposes sought to be achieved by the requirement of a prompt arraignment.") Thus, where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions."

*Id.* 500 Pa. at 494, 458 A.2d at 183. Nor does such an interpretation of the term impose an unreasonable burden on the Commonwealth since the Commonwealth had alternate procedures available to avoid any adverse application of the rule: (1) the Commonwealth could have requested the court to grant separate trials, *see* 18 Pa.C.S.A. § 110(1)(ii);

1. The Commonwealth argued in *Muffley* that appellant waived any section 110 objection by failing to move for consolidation of the two informations.

476

or (2) the Commonwealth could have requested an extension of time within which to try both cases on the ground that such an extension was needed in order to enable the Commonwealth to comply with its duty to consolidate the charges. *See Commonwealth v. Stewart, supra* 493 Pa. at 29, 425 A.2d at 349. The Commonwealth here failed to employ either of these alternate procedures and cannot now attempt to circumvent the mandate of section 110 by prosecuting appellant on charges that should have been brought at the same time as the charge of receiving stolen property.

I would, therefore, reverse.