589 A.2d 700

**COMMONWEALTH of Pennsylvania**

**v.**

**Terry L. LENIG, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 1991.

Filed March 11, 1991.

Reargument Denied April 24, 1991.

James R. Protasio, Williamsport, for appellant.

Nancy L. Butts, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before OLSZEWSKI, HUDOCK and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lycoming County, following appellant's conviction for possession of a controlled substance and delivery of a controlled substance.

The facts of this case, as summarized by the trial court, are as follows:

On February 20, 1986 the defendant [appellant] sold 7.1 grams of marijuana to a confidential informant, John Konoski. Prior to the buy, the informant was searched and given a marked $20.00 bill by police agent Floyd Reed. Later, that same day, Agent Reed received information[1] that the defendant was "holding" drugs. At the request of Agent Reed by radio transmission, two uniformed policemen, Officers Lawrence Kuhn and William Kemp, stopped the defendant on a street in Williamsport, Pennsylvania, near the defendant's home. The defendant was searched and the officer's found on defendant's person $318.00 in money including the $20.00 marked bill from the earlier controlled purchase, six plastic bags of

---

1. Agent Reed received information from the confidential informant that appellant was in his residence. As a result of that conversation, Agent Reed contacted two police officers to assist him in making a stop of appellant. (T.T. 10/10/88 at 54.)

marijuana, a set of pocket scales and a pack of cigarette papers. Subsequently, the defendant was taken to the police station where the items seized were inventoried. On March 10, 1986 the defendant was charged with possession of a controlled substance, possession with intent to deliver and possession of drug paraphernalia. The case was indexed to Lycoming County Case No. 86-10-332. He was not charged with the earlier delivery on February 20 to the confidential informant.

In case No. 86-10,332 the defendant was found guilty and an appeal was taken to the Superior Court. There was a remand hearing to determine whether defendant's trial counsel was ineffective in failing to file a motion to suppress evidence based on the assertion that the defendant was stopped and searched without his consent. In its opinion and order dated June 13, 1988 the Lower court ruled there was probable cause for the search and, therefore, trial counsel was not found ineffective.

Prior to the time scheduled for the remand hearing, the assistant district attorney and defense counsel attempted to resolve the matter. The district attorney advised counsel before the hearing that new charges would be filed if the hearing was held and the identity of the informant had to be revealed. No agreement was reached and the hearing was held. On April 6, 1988 Agent Reed served the new charges, the subject of this current case: the possession and delivery of marijuana to the disclosed informant.

(Trial court opinion of 3/8/90, at 2–3.) Appellant filed pretrial motions to dismiss charges based on violations of 18 Pa.C.S.A. § 110 and Rule 1100 of the Pennsylvania Rules of Criminal Procedure, double jeopardy and collateral estoppel, for prosecutorial vindictiveness and to suppress evidence. These motions were denied. Appellant was found guilty by a jury on October 11, 1988. Appellant filed post-verdict motions which were denied and this timely appeal followed.

Appellant raises the following issues for our consideration:

1. Was the evidence produced at trial the fruit of an illegal search and seizure?

2. Was counsel ineffective for failing to litigate a valid search and seizure claim in Appellant's Motion to Suppress?

3. Was counsel ineffective for failing to object to the admissibility and authenticity of the marked money at trial?

4. Did the court err in denying the Motion to Dismiss based upon Rules [18 Pa.C.S.A. §] 110 and [Rule] 1100 and on the theory of Double Jeopardy?

5. Did the Court err in denying the Motion to Dismiss based upon prosecutorial vindictiveness?

6. Did the court err in denying the Motion for a New Trial based upon after discovered evidence?

7. Did the court err in denying the Motion for Post trial relief based upon the violation of compulsory process for obtaining witnesses in his favor?

(Appellant's brief at 3.) We will dispose of appellant's first three issues relating to the prior charge for possession; however, as we find merit to appellant's fourth issue relating to the later charge for delivery to the informant, we respectfully reverse the judgment of sentence.

█ Appellant's first and second issues concern whether the trial court erred in allowing into evidence a $20.00 bill seized from appellant's person, and whether trial counsel was ineffective for failing to litigate the search and seizure claim. Appellant contends that the seizure of the $20.00 bill from his person was illegal and that the money should have been suppressed as a fruit of the illegal search. This issue, concerning the search and seizure, was the subject of a special remand hearing held in case No. 86–10,332 where the Superior Court remanded the case for an evidentiary hearing. *See* unpublished memorandum, *Commonwealth v. Lenig*, 375 Pa.Super. 619, 541 A.2d 29 (1988). The trial court in its opinion dated June 13, 1988, denied appellant's claim of ineffectiveness of counsel. The lower court found that the police officer had probable cause to stop appellant

and, therefore, the search was lawful. (Trial court opinion at 3.) Appellant appealed from the lower court order. This Court affirmed the order entered by the lower court in an unpublished memorandum, *Commonwealth v. Lenig*, 390 Pa.Super. 654, 561 A.2d 820 (1989).

■ The arguments raised by appellant in his first two issues are not convincing. The issues were decided in *Commonwealth v. Lenig*, 390 Pa.Super. 654, 561 A.2d 820, and are therefore covered by *res judicata* or the "law of the case" doctrine. Under the doctrine of "law of the case," where an appellate court has considered and decided a question on appeal, that Court will not, in a subsequent appeal of another phase of the same case, reverse its previous ruling, even though convinced it was erroneous. *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 182 A.2d 682 (1962). *See, Roskwitalski v. Reiss*, 338 Pa.Super. 85, 487 A.2d 864 (1985), *alloc. denied*, 514 Pa. 619, 521 A.2d 933 (1987); *Commonwealth v. Tick*, 431 Pa. 420, 246 A.2d 424 (1968); *Albright v. Wella Corp.*, 240 Pa.Super. 563, 359 A.2d 460 (1976). We therefore will not reverse our previous holding concerning these issues and find no merit to appellant's first and second issues.

■ Appellant's third issue concerns whether trial counsel was ineffective for failing to object to the admissibility and authenticity of the marked $20.00 bill. Appellant contends that the Commonwealth failed to establish the links in the chain of custody and therefore the marked $20.00 bill was not admissible.

To determine whether trial counsel rendered ineffective assistance, the inquiry is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An ineffective assistance of counsel claim will be successful if:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland, supra* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

In *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987), the Pennsylvania Supreme Court set forth the standard by which an ineffective assistance of counsel claim is determined:

Our cases clearly indicate that ineffectiveness claims are measured by two components. First, counsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit. *Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984); *Commonwealth v. Wade,* 501 Pa. 331, 461 A.2d 613 (1983); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). We also presume that counsel is acting effectively. *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981).

Second, we have required that the defendant demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Clemmons,* 505 Pa. 356, [479] A.2d 955, (1984); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983) *cert denied* 465 U.S. 1104, 104 S.Ct. 1603, 80 L.Ed.2d 133 (1984); ...

*Id.,* 515 Pa. at 158–159, 527 A.2d at 975.

It is well established that the Commonwealth need not call every individual who may have had contact with the evidence, nor need it eliminate all possibilities of tampering.

*Commonwealth v. Rick,* 244 Pa.Super. 33, 366 A.2d 302 (1976). The Commonwealth only needs to establish a "reasonable inference that the identity and condition of the exhibits remained unimpaired until they were surrendered to the court." *Id.,* 244 Pa.Superior Ct. at 38, 366 A.2d at 304 (citations omitted).

In the instant case, Agent Reed testified that he recorded the serial number of the bill. (N.T. at 51.) Agent Reed met the arresting officers at the scene and examined the money, at which time he found it to be identical. He then photocopied the money. (N.T. 55–56.) Officer Kuhns, the arresting officer, testified that he searched appellant and confiscated the money. Then, following police procedures, he labelled the evidence and placed the money in the records. (N.T. 31–32.) In this case, the Commonwealth has met that burden. There is no need to discuss the ineffectiveness claim, since it has been determined that the evidence was properly authenticated and trial counsel was not ineffective for failing to object.

Appellant's fourth issue concerns whether the trial court erred in denying a motion to dismiss based upon 18 Pa.C.S.A. § 110 and Rule 1100, and on the theory of double jeopardy. Appellant contends that the failure of the Commonwealth to file the instant charges at the time they were known violates his rights under Section 110 and Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Section 110 provides in pertinent part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense.

18 Pa.C.S.A. § 110. Simply stated, where two offenses are part of the same criminal episode, prosecution for one offense will bar a subsequent prosecution for a second, different offense.

Three factors must be considered to determine whether incidents are part of the same criminal episode: "(1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact." *Commonwealth v. Butler*, 380 Pa.Super. 595, 599, 552 A.2d 702, 704 (1988), *citing, Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984). The purpose of the rule is to prevent duplication, waste of scarce judicial resources and governmental harassment. *Stewart, supra*, 325 Pa.Superior Ct. at 469, 473 A.2d at 163. Applying the above factors to the present case, we find that the two incidents were part of the same criminal episode.

In the instant case, appellant was charged with possession of a controlled substance, possession with intent to deliver and possession of drug paraphernalia on March 10, 1986. (Trial court memorandum opinion of 3/8/90, at 2.) On April 6, 1988, Agent Reed served new charges on appellant for possession and delivery of marijuana to the confidential informant. (*Id.* at 3.) Here, the prosecuting officer knew at the time of the first trial that appellant could be charged with possession and delivery of marijuana to the confidential informant, but instead waited over two years to file these charges. The motives of the district attorney must be questioned. The Commonwealth argues that filing of charges on March 10, 1986 would have led to the disclosure of the identity of the confidential informant. Prior to the time of the remand hearing, the district attor-

ney advised defense counsel that if the identity of the informant had to be revealed, new charges would be filed. (Trial court memorandum opinion at 3.)

The trial court was persuaded by the Commonwealth's argument concerning the disclosure of the informant's identity. Although disclosure of informants is a concern, it is not an exception to the rule. Section 110 does not provide an exception nor does it allow delay for good cause to protect the identity of an informant. Upon review of the record, it is concluded that the charges arose out of the same criminal episode. The informant was an integral part of appellant's later arrest for possession, since without the information provided by the informant, the police would not have knowledge that appellant had marijuana on his person.

In reaching its determination, the trial court relies on *Commonwealth v. Meyers*, 345 Pa.Super. 520, 498 A.2d 945 (1985), *reversed in part*, 516 Pa. 392, 532 A.2d 789 (1987). In *Meyers*, appellant and others were the target of a drug investigation conducted by the Attorney General for the Commonwealth, the Lackawanna County District Attorney, and the police department of the City of Scranton. The investigation resulted in the interception and recording of approximately 3,000 conversations from the telephone lines of suspects believed of being involved in a drug ring in the Scranton area. Search warrants were executed for the residence of these suspects. While conducting the search of a residence, police observed a vehicle driven by Rose Myers and occupied by Lawrence Myers leave the scene. The police, under the belief that the vehicle contained narcotics, pursued appellants at a high speed through Scranton.

On December 21, 1982, appellants were arrested and charged with aggravated assault, resisting arrest, recklessly endangering other persons and violation of the vehicle code. At this time, despite the facts, charges were not filed against appellants for violations of the Controlled Substance, Drug, Device and Cosmetic Act. On December 17, 1983, appellants were charged with various drug offenses

arising out of the information obtained by authorities through the wiretapping and the evidence seized on their person at the time of their arrest on December 21, 1982.

In reaching its determination, the Supreme Court held that:

The fortuitous circumstances that the drugs were discovered in Appellant's possession during a search incident to his arrest following the car chase, instead of the search of his residence as contemplated by the warrant, is of no significance in determining whether the subsequent prosecution for the possession charges was violative of § 110. The possession charges brought on December 17, 1983 and arose from the same criminal episode leading to Appellant's arrest on December 21, 1982. The possession offenses were obviously known to the prosecuting officers when Appellant's guilty plea was entered. Section 110(1)(ii) bars prosecution of the possession charges.

*Meyers, supra,* 516 Pa. at 397, 532 A.2d at 791 (footnote omitted). The court reasoned that: "To hold otherwise would defeat the purposes of § 110 to protect the accused from harassment through repeated efforts by authorities to obtain a conviction and to assure finality without unduly burdening judicial resources with piecemeal litigation." *Id.,* 516 Pa. at 397, 532 A.2d at 791, *citing, Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Campana* [*Campana I*], 452 Pa. 233, 304 A.2d 432 (1973), *vacated,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand, Commonwealth v. Campana* [*Campana II*], 455 Pa. 622, 314 A.2d 854 (1974), *cert den.,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

In the instant case, one arrest took place on February 20, 1986, in which appellant was later charged with possession of a controlled substance, possession with intent to deliver, and possession of drug paraphernalia. Not until two years later was appellant charged with the earlier delivery to the confidential informant which took place on the same day. As in *Meyers, supra,* the delivery charge to the informant

arose from the same criminal episode leading to appellant's arrest for possession and intent to deliver.

The Commonwealth contends that the later charge relating to the delivery to the informant was a situation involving a continuing investigation and *Meyers* should apply. This Court is not persuaded by the Commonwealth's argument. In *Meyers*, the Supreme Court upheld the conspiracy charge against defendant stating:

> The conspiracy charges were the culmination of the entire investigation undertaken by state and local authorities. As the Superior Court noted, a lengthy review of the information obtained during the interception of the 3,000 calls was necessary before the nature and scope of the conspiracy could be determined.

*Meyers, supra,* 516 Pa. at 398, 532 A.2d at 792.

In the instant case, the confidential informant was used to purchase drugs from appellant; this was a one-time purchase. The record does not show that an on-going investigation was conducted nor was an on-going investigation necessary to file the charges against appellant. The informant's duties were completed after the purchase from appellant. The informant provided information to the police that appellant was carrying drugs; without the informant the police would not have knowledge that appellant was possessing drugs. Thus, we respectfully reverse the order of the trial court.

Judgment of sentence reversed. Jurisdiction relinquished.