J-S07016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ANTHONY KOLOVICH | |
| Appellant | No. 2220 MDA 2015 |

Appeal from the Judgment of Sentence September 28, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000768-20414

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 17, 2017**

Robert Anthony Kolovich appeals from his judgment of sentence, entered in the Court of Common Pleas of Bradford County, after a jury found him guilty of multiple charges related to the theft of funds he received from homeowners for the construction of a deck.  Upon careful review, we affirm.

The trial court set forth the facts of this matter as follows:

[Bobbee and George] Wilcox saw an advertisement for a decking system so they contacted [Kolovich].  [Kolovich] came to their home in May, 2013 and promised to complete the "deck fitter system."  A [p]urchase [a]greement dated May 29, 2013 was signed and [Kolovich was] given a downpayment of $9,000.00 towards the total price of $18,000.00.  Work was to begin within five to seven weeks.  [Kolovich] did not appear in the five to seven weeks.  Mrs. Wilcox contacted him numerous times and even called the distributor of the materials.  She [spoke] to him approximately three times.  [Kolovich] told Mrs. Wilcox that as a result of hurricanes, it was difficult to obtain materials.  He also advised that it would not be long.  [Kolovich] did appear at the Wilcox home a second time and advised that he would get there to complete the work.  The Wilcoxes travelled to [Kolovich's]

place of business in Selinsgrove, Pennsylvania twice. One of the times was at Thanksgiving. Both times, no one was in the office. Mrs. Wilcox wrote a letter requesting that money be returned and sent it to both the business address and his home address. The letter with the business address was returned to her, however, the letter to the home address was not. The Wilcoxes have not had their money returned or the work completed or materials delivered. Further, they have not heard from [Kolovich]. Mr. and Mrs. Wilcox [were] 85 and 81 years of age[,] respectively[,] at the time of trial.

Trial Court Opinion, 3/30/16, at 2.

On August 3, 2015, Kolovich filed a motion to bar prosecution on double jeopardy grounds. Kolovich had been charged in Sullivan, Centre and Luzerne Counties with similar crimes and both prosecutions ended in either dismissal or acquittal. Thus, Kolovich asserted, the Bradford County prosecution was barred under 18 Pa.C.S.A. § 110, as well as the double jeopardy clauses of the United States and Pennsylvania constitutions. The trial court denied that motion. On August 5, 2015, a jury convicted Kolovich of two counts of deceptive business practices[1] and one count each of theft by deception[2] and receiving stolen property (RSP).[3] The trial court sentenced Kolovich on September 28, 2015 to an aggregate term of 11 months' to 23 months, 29 days' incarceration, followed by 24 months of probation. He received credit for 45 days served. Kolovich's post-sentence

_____

[1] 18 Pa.C.S.A. § 4107(a)(2) and (6).

[2] 18 Pa.C.S.A. § 3922(a)(1).

[3] 18 Pa.C.S.A. § 3925(a).

motion was denied and this timely appeal follows, in which he raises the following issues for our review:

> 1. Did the trial court err in denying [Kolovich's] [m]otion to [b]ar [p]rosecution [p]ursuant to the [d]ouble [j]eopardy [c]lause of the [f]ederal and [s]tate [c]onstitutions and [section] 110 [d]ue to [d]ismissal of [c]harges in Luzerne and Sullivan Counties and the [a]cquittal of [c]harges in Centre County, PA?
>
> 2. Was the verdict against the weight of the evidence such that a jury of reasonable persons would not have been satisfied as to [Kolovich's] guilt?
>
> 3. Did the trial court err in refusing to grant [Kolovich] credit for time served where he had been continually incarcerated since August 1, 2014 on related charges, under 42 Pa.C.S.A. § 9760?

Brief of Appellant, at 4.

Kolovich first asserts that the trial court erred in finding that his prosecution was not barred on double jeopardy grounds. Kolovich claims that the charges in this matter stemmed from the same criminal episode as the charges that he was acquitted of or were dismissed in three other counties. Accordingly, he argues prosecution of the charges involving Mr. and Mrs. Wilcox should have been barred pursuant to section 110 and the double jeopardy clauses of the U.S. and Pennsylvania constitutions. We disagree.

Section 110, known as the compulsory joinder rule, provides, in relevant part, as follows:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

> (1) The former prosecution resulted in an acquittal or in a conviction . . . and the subsequent prosecution is for:
>
> . . .
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110

Stated more succinctly, section 110 bars a subsequent prosecution if the following test is met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [occurred] within the same judicial district as the former prosecution.

***Commonwealth v. Reid***, 77 A.3d 579, 582 (Pa. 2013), quoting

***Commonwealth v. Nolan***, 855 A.2d 834, 839 (Pa. 2004). Each prong of this test must be met for section 110 to apply. ***Commonwealth v. Fithian***, 961 A.2d 66, 72 (Pa. 2009).

Here, we need only address the fourth prong of the compulsory joinder test, which requires that the current offense occurred within the same judicial district of the former prosecution. The victims in this case resided in Bradford County, the situs of the instant prosecution.[4] The prior

_____

[4] Kolovich's place of business was located in Selinsgrove, Snyder County.

prosecutions occurred in Sullivan, Centre and Luzerne Counties. Thus, on its face, the statute does not appear to bar the Bradford County prosecution. Kolovich, however, argues that the prior prosecutions were part of the same criminal episode as the alleged offenses underlying the Bradford County charges. Thus, Kolovich asserts, the latter prosecution should be barred. He is entitled to no relief.

In **Fithian**, **supra**, our Supreme Court addressed a Commonwealth appeal filed after the Court of Common Pleas of Delaware County dismissed a drug-related prosecution on the basis of section 110. There, the defendants had engaged in a drug transaction, various components of which occurred in Philadelphia, Montgomery and Delaware Counties. Following the consummation of the transaction, the defendants were apprehended in Montgomery County, where they were charged with, and ultimately pled guilty to, conspiracy and possession with intent to deliver (PWID). Simultaneously, the defendants were charged in Delaware County with, *inter alia*, conspiracy and PWID. Following their conviction in Montgomery County, defendants filed motions to dismiss the Delaware County prosecutions pursuant to section 110. In granting the motion and dismissing all charges, the trial court reasoned that, because the conspiracy to sell the drugs occurred in both Delaware and Montgomery Counties, the conspiracy forming the basis of the Delaware County prosecution "occurred within the same judicial district" as the prior Montgomery County prosecution. As

such, the court concluded that the Delaware County prosecution was barred under section 110. This Court affirmed.

On allowance of appeal, the Supreme Court affirmed in part and reversed in part. The Court found that, because a "conspiracy" occurs in any county where an overt act is committed by any of the conspirators in furtherance of the unlawful venture, the Delaware County court was barred from prosecuting the defendants for conspiracy. However, with respect to the possessory charges, the Court found that Delaware County could move forward with prosecution. Specifically, the Court held that, in amending section 110(1)(ii),[5] "the General Assembly intended to preclude from the

---

[5] In 2002, the legislature amended section 110(1)(ii). The **Fithian** Court provided the following background on that amendment:

> [P]rior to 2002, Section 110(1)(ii) required, in relevant part, that "all charges were within the jurisdiction of a single court." The Superior Court consistently interpreted this language as meaning the charges that required joinder were circumscribed by county territorial boundaries.
>
> In 1997, our Court had its first opportunity to interpret the former statutory language. In **Commonwealth v. McPhail**, [692 A.2d 139 (Pa. 1997) (plurality)], we considered the question of whether four drug transactions, three in Washington County and one in Allegheny County, all constituting a single criminal episode, were within the "jurisdiction of a single court." A plurality of our Court concluded that courts of common pleas enjoy jurisdiction all over the Commonwealth—that is, the subject matter jurisdiction of the courts of common pleas is general and not limited to the territory of the county wherein the court sits. Our Court reasoned that under Section 110, all charges were in the "jurisdiction of a single court." Thus, we concluded that the Washington County offenses and the

*(Footnote Continued Next Page)*

- 6 -

reach of the compulsory joinder statute those current offenses that occurred wholly outside of the geographic boundaries of the judicial district in which the former prosecution was brought, *even though part of a single criminal episode.*" ***Id.*** at 77 (emphasis added).

Here, Kolovich's offenses against the Wilcoxes in Bradford County occurred wholly outside the geographic boundaries of Sullivan, Centre and Luzerne Counties, where he was previously prosecuted for similar offenses. Accordingly, under ***Fithian***, even if Kolovich could establish that all of his offenses were part of a single criminal episode, he cannot satisfy the fourth

---

*(Footnote Continued)*

Allegheny County offenses should have been joined in a single trial. As a practical matter, the Court's interpretation in ***McPhail*** led to the "jurisdiction" prong of Section 110(1)(ii) being met in every case.

In direct response to our Court's decision in ***McPhail***, the General Assembly amended Section 110(1)(ii) to its current language. Specifically, the legislature in paragraph (1)(ii) substituted the phrase "was within the jurisdiction of a single court" with "occurred within the same judicial district as the former prosecution."

The 2002 amendments, coming as a rejoinder to our Court's decision in ***McPhail***, make the legislature's intent manifest. In light of this history, it is clear to us that the General Assembly intended to incorporate, or perhaps re-incorporate, a geographic component in determining which offenses are precluded because of a former prosecution. That is, the legislature intended that the compulsory joinder statute be limited to mandating joinder only of those offenses occurring in a single judicial district.

***Fithian***, 961 A.2d at 76–77 (internal citations omitted).

prong of the compulsory joinder statute. Accordingly, Kolovich's claim must fail.[6]

Kolovich next asserts that the evidence was insufficient to sustain his convictions.[7] Specifically, he alleges that the Commonwealth failed to prove the intent element of the three offenses of which he was found guilty. For the following reasons, we disagree.

Kolovich was convicted of deceptive business practices and one count of receiving stolen property.[8] Specifically, Kolovich asserts that the Commonwealth did not prove the intent element of the crimes, i.e., that

_____

[6] Kolovich's statement of questions involved also invokes the double jeopardy clauses of the Pennsylvania and U.S. constitutions; however, he sets forth no separate constitutional analyses in the argument section of his brief. Indeed, his section 110 argument is a mere two pages long and contains minimal analysis. While we address his section 110 claim, we decline to address his constitutional claims for lack of development. *See Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) (claims failing to contain developed argument or citation to supporting authorities and record are waived).

[7] Although Kolovich's claim is styled as a challenge to the weight of the evidence, a review of his argument reveals that it is actually a sufficiency claim. The trial court also treated the claim as one raising sufficiency. Accordingly, we will address it as such.

[8] Kolovich was also convicted of theft by deception and a second count of deceptive business practices under subsection 4107(a)(2). However, he presents no argument specific to those convictions and, accordingly, has waived any challenge to the sufficiency of the evidence supporting them.

Kolovich knew at the time he took the money from the Wilcoxes that he would not return it.

A person commits the offense of deceptive business practices if, "in the course of business, the person: . . . (6) makes or induces others to rely on a false or misleading written statement for the purpose of obtaining property or credit[.]" 18 Pa.C.S.A. § 4107(a)(6). A person is guilty of receiving stolen property if "he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

Here, the Commonwealth presented evidence that Kolovich placed a newspaper advertisement for the installation of a decking system, which induced the Wilcoxes to contact him. Kolovich came to the Wilcoxes' home and promised to install the deck system within five to seven weeks for a total cost of $18,000. Kolovich took a downpayment of $9,000 in the form of a check, which he subsequently deposited. Kolovich did not return within the promised five to seven week timespan. Mrs. Wilcox attempted to contact Kolovich seven or eight times before finally reaching him on his cell phone. When asked for an explanation for the delay, Kolovich told Mrs. Wilcox that hurricanes in the South had created a materials shortage. When Mrs. Wilcox asked for the telephone number of Kolovich's materials supplier, he refused to give it to her. Mrs. Wilcox spoke to Kolovich or someone in his office at least three additional times, but they kept "putting us off." N.T.

- 9 -

Trial, 8/5/15, at 32. Kolovich visited the Wilcoxes' home a second time and "assured [them] that he was going to get to [them] . . . as soon as he could get materials[.]" *Id.* at 34. After hearing nothing more, Mrs. Wilcox wrote Kolovich a letter and requested a refund on her deposit. She sent copies to his home and business addresses; the letter sent to the business address was returned unopened. The Wilcoxes never heard anything more from Kolovich and never received a refund.

Based on the foregoing, we conclude that the evidence adduced at trial was sufficient to demonstrate the elements of knowledge and intent necessary to sustain Kolovich's convictions. *See Commonwealth v. Eline*, 940 A.2d 421, 433 (Pa. Super. 2007) (intent element of deceptive business practices established where appellant took deposit and neither began nor completed installation of pool within time frame agreed upon; appellant also non-responsive to repeated telephone calls and inquiries by victims; although appellant did not deliver on promise, appellant refunded no money when demands made); *Commonwealth v. Kelly*, 446 A.2d 941, 943 (Pa. Super. 1982) (necessary mens rea for receiving stolen property may arise following actual receipt of property; statute, by express terms, makes it criminal to "retain" stolen property).

Finally, Kolovich claims that the trial court erred in denying him credit for time served "on related charges that stem from the same sort of conduct alleged in this case." Brief of Appellant, at 13. In support of his argument,

Kolovich cites section 9760 of the Sentencing Code, which provides, in relevant part, as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed *or as a result of the conduct on which such a charge is based*. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added). Kolovich argues that, because the instant charges are allegedly part of the same criminal episode, the time he spent in custody in other counties was "a result of the same conduct on which [this] charge is based" as contemplated by section 9760. **Id.**

Kolovich cites no authority for his assertion that the words "same conduct" should be read to mean "offenses forming part of the same criminal episode." Accordingly, we find this claim waived for purposes of appellate review. **Perez**, **supra**.

Even if this claim were not waived, Kolovich would be entitled to no relief. In **Commonwealth v. Richard**, 150 A.3d 504 (Pa. Super. 2016), this Court rejected a similar argument. There, the appellant was convicted of third-degree murder in the death of his wife. On the date he was scheduled for release from prison on that conviction, he was arrested, incarcerated and charged with eight counts of terroristic threats in connection with threats he had made regarding certain witnesses who testified at his murder trial. He was subsequently charged with additional counts of terroristic threats and witness intimidation, at two additional

- 11 -

docket numbers, relating to further threats made against trial witnesses. After a jury trial on the charges pertaining to all three dockets, appellant was found guilty of terroristic threats and witness intimidation at the latter two dockets, and was acquitted of the original eight counts of terroristic threats.

On appeal, appellant argued that the sentencing court should have given him credit for time served prior to trial on the eight counts for which he was acquitted, reasoning that all of the offenses were "inextricably intertwined." *Id.* at 520. This Court rejected that argument, noting that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, *but only if such commitment is on the offense for which sentence is imposed*[.]" *Id.*, quoting **Commonwealth v. Clark**, 885 A.2d 1030, 1034 (Pa. Super. 2005) (emphasis added). For the same reasons, here, Kolovich is entitled to no relief.

Judgment of sentence affirmed.

Judge Musmanno joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017

- 12 -