532 A.2d 789

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lawrence MEYERS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 10, 1987.

Decided Oct. 15, 1987.

3. Article IV, Section 15, Pennsylvania Constitution.

Todd J. O'Malley, Scranton, Gerard W. Langan, Jr., Pittston, for appellant.

Ernest D. Preate, Jr., Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

**OPINION**

ZAPPALA, Justice.

Appellant Lawrence Meyers challenges the Superior Court's order, 345 Pa.Super. 520, 498 A.2d 945, affirming the order of the Lackawanna County Court of Common Pleas which denied his motion to dismiss charges of violations of the Controlled Substance, Drug, Device and Control Act, 35 Pa.S. § 780–101 et seq. The Appellant contends that the lower courts erred in denying the motion because the Commonwealth's prosecution of the charges of possession and delivery of controlled substances would violate 18 Pa.C.S. § 110 and the double jeopardy clauses of the state and federal constitutions. We agree that prosecution of the charges of possession with intent to deliver violates § 110 of the Crimes Code and now reverse the Superior Court's order as it relates to those charges. As to the remaining charges of criminal conspiracy and delivery of a controlled substance, we affirm.

The underlying facts which culminated in the Appellant's arrest are as follows. The Appellant was one of several individuals who were targets of a 1982 drug investigation conducted by the Attorney General for the Commonwealth, the Lackawanna County District Attorney, and the police department of the city of Scranton. As part of the investigation, an authorized wiretap on the telephone lines of the suspects, including that of the Appellant, was obtained. During the tapping of the lines from December 1, 1982 to December 21, 1982, approximately 3,000 calls were recorded. The intercepted calls indicated numerous individuals' involvement in a drug distribution ring in Scranton. Based upon this information, search warrants were executed for the Appellant's residence and those of others implicated in the drug operation.

As police officers were in the process of executing one of the warrants on December 21, 1982, they observed the Appellant leaving the residence in a vehicle operated by his wife. The officers began to pursue the vehicle, believing that the Meyerses had picked up illegal narcotics at the

residence under surveillance. A high speed chase then ensued. The car chase concluded when the Meyers vehicle collided with two police cars. The Appellant continued on foot, but was caught immediately. Search of a bag carried by the Appellant disclosed cash totalling approximately $8,000, methamphetamines, and other unidentified pills.

Despite the police discovery of drugs and cash, the Meyerses were charged only with aggravated assault, resisting arrest, recklessly endangering other persons, and various violations of the vehicle code. The Appellant entered a guilty plea on these charges on April 21, 1983 and was sentenced on July 5, 1983. They were not arrested for or charged with any violations of the Controlled Substance, Drug, Device and Cosmetic Act even though drugs were found in their possession.

It was not until December 17, 1983, a year after the arrest, that Appellant was charged with drug-related offenses arising out of information gleaned from the wiretaps and the possession of the drugs and cash seized from the Meyerses during the prior arrest. The Appellant was charged with two counts of delivery of a controlled substance, three counts of possession of a controlled substance with intent to deliver, and three counts of criminal conspiracy. The delivery counts were alleged to have occurred on December 6, 1982 and December 10, 1982. The three counts of possession with intent to deliver, charging the Appellant with possession of the controlled substances of methamphetamine, percodan, and dilaudid, allegedly occurred on December 21, 1982. The criminal conspiracy was asserted to have been committed during the period that the wiretap was in existence.

The Appellant filed a motion to dismiss the charges, alleging that all of the offenses were known to the police when he was arrested on December 21, 1982. It was asserted further that prosecution of the charges would be violative of his right not to be placed in double jeopardy. The Appellant also relied on 18 Pa.C.S. § 110, which provides:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

The trial court denied the motion to dismiss, concluding that the two sets of charges were not part of a single criminal episode. Acknowledging that the charges were temporally and logically related, the trial court nevertheless concluded that § 110 had not been violated because the charges involved different issues of law and fact. The Superior Court concurred, emphasizing the fact that search warrants, rather than arrest warrants, were issued on December 21, 1982. Viewing this as an indication that the drug investigation was ongoing, it then reasoned that § 110 was not violated because the first set of charges resulted from circumstances independent of the investigation.

■ Although the search warrants were obtained to assist the officers' investigatory efforts, the actual discovery of the drugs in the quantity found in Appellant's possession was sufficient to independently establish the charges of possession of the drugs with intent to deliver. While the progress of the investigation is relevant to whether the delivery and conspiracy offenses were known to prosecuting officers at the time the first charges were filed, the same is not true of the possession charges. The fortuitous circumstance that the drugs were discovered in Appellant's possession during a search incident to his arrest following the car chase, instead of the search of his residence as contemplated by the warrant, is of no significance in determining whether the subsequent prosecution for the possession charges was violative of § 110. The possession charges brought on December 17, 1983 arose from the same criminal episode leading to the Appellant's arrest on December 21, 1982. The possession offenses were obviously known to the prosecuting officers when Appellant's guilty plea was entered. Section 110(1)(ii) bars prosecution of the possession charges.[1] To hold otherwise would defeat the purposes of § 110 to protect the accused from harassment through repeated efforts by authorities to obtain a conviction and to assure finality without unduly burdening judicial resources with piecemeal litigation. *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Campana* [Campana I], 452 Pa. 233, 304 A.2d 432 (1973), *vacated*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand, Commonwealth v. Campana* [Campana II], 455 Pa. 622, 314 A.2d 854 (1974), *cert. den.*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974).

1. The trial court erred in concluding that the two sets of charges did not arise from the same criminal episode because different issues of law and fact were involved. Although the question of whether the offenses require proof of facts not required by each other is a relevant inquiry under § 110(1)(iii), it is not the only criterion which must be considered in determining whether a violation of § 110 is established. Section 110(1) is framed in the disjunctive; thus, the presence of either subsection (i), (ii), *or* (iii) is sufficient to bar a subsequent prosecution.

■ As to the offenses of delivery of a controlled substance and criminal conspiracy, we agree with the Superior Court's conclusion that prosecution of those charges is not barred by § 110 or by the protection against double jeopardy embodied in the state and federal constitutions. The charges of delivery of a controlled substance involve allegations that the Appellant delivered a quantity of percodans and dilaudid to an individual on December 6, 1982 and was unauthorized to do so. The conspiracy charges were the culmination of the entire investigation undertaken by state and local authorities. As the Superior Court noted, a lengthy review of the information obtained during the interception of the 3,000 calls was necessary before the nature and scope of the conspiracy could be determined. The only relation between these charges and the prior offenses was that the Appellant was allegedly involved with illegal drugs. This in itself is insufficient to bar prosecution of the charges.

Accordingly, the order of the Superior Court is affirmed in part and reversed in part.

LARSEN and McDERMOTT, JJ., dissent.