552 A.2d 702

**COMMONWEALTH of Pennsylvania**

v.

**Allen M. BUTLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 3, 1987.

Filed Nov. 14, 1988.

596

George H. Newman, David M. McGlaughlin, Newman & McGlaughlin, Philadelphia, for appellant.

Joseph A. Curcillo, III, Assistant District Attorney, Harrisburg, for Com., appellee.

Before BROSKY, TAMILIA and KELLY, JJ.

**BROSKY, Judge:**

This case is on remand [1] to the Superior Court for consideration of appellant's claim on appeal in light of *Commonwealth v. Meyers,* 516 Pa. 392, 532 A.2d 789 (1987).

The issue before us for consideration is, whether the trial court erred in denying appellant's motion to dismiss prosecution on the grounds that the present trial violates the provisions of 18 Pa.C.S.A. § 110, the Compulsory Joinder Rule. The trial court answered this question in the negative. We now, however, respectfully reverse the trial court's decision.

The facts of the case are relatively uncomplicated. On May 5, 1985, at approximately 3:49 a.m., Dennis Davis, a Lawrence Township police officer, stopped a vehicle driven by Berniece Longe. Officer Davis had previously observed this vehicle run a stop sign, then proceed onto the Interstate operating in an erratic manner. Ms. Longe was arrested by Officer Davis for driving under the influence, and related summary offenses.

Officer Davis had requested backup assistance for the vehicle stop. In response to that request Corporal Donald C. Smith, also of the Lawrence Township police, arrived on the scene. Corporal Smith determined the identity of appellant, who was a passenger in the vehicle, and radioed County control who determined that there was an outstanding bench warrant for appellant. Appellant was placed under arrest and a search incident to that arrest uncovered two suspected controlled substances, marijuana and cocaine.

On May 7, 1985, both Officer Davis and Corporal Smith appeared before the District Justice. Officer Davis swore out a complaint against appellant charging him with driving under the influence under the permitting statute, 75 Pa.C. S.A. § 1575, and Corporal Smith swore out a complaint charging appellant with violating the Controlled Substance Act. Both complaints allege the date and time of the offenses as being May 5, 1985, at approximately 3:49 a.m.

---

1. See, *Commonwealth v. Butler,* 373 Pa.Super. 631, 536 A.2d 822 (1987).

■ Two bills of information were filed against appellant. On April 16, 1986, in a jury trial on the driving under the influence charge only, appellant was acquitted. Prior to trial on the violation of the Controlled Substance Act, appellant filed a motion to dismiss on the basis of a violation of 18 Pa.C.S.A. § 110 and the double jeopardy clauses of the federal and state constitutions. The trial court denied said motion.[2]

18 Pa.C.S.A. § 110 provides the following:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

2. Denial of pre-trial application seeking discharge on double jeopardy grounds is a "final" order and immediately appealable. *Commonwealth v. Hude II*, 500 Pa. 482, 490, 458 A.2d 177, 181 n. 13 (1983).

(B) the second offense was not consummated when the former trial began.

According to appellant, his acquittal on the driving under the influence charge should have barred his prosecution for the violation of the Controlled Substance Act. We agree.

In determining whether incidents are part of a single criminal episode so as to bar their separate prosecutions, three factors must be considered: (1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact. See *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983); *Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984). Applying these criteria to the instant case we find that the two violations were part of the same criminal episode.

In arriving at our decision, we look to the Pennsylvania Supreme Court's analysis in *Meyers*, supra. There, the appellant was one of several individuals who were targets of a drug investigation. An authorized wiretap on the telephone lines of the suspects was obtained. Based upon the information obtained through the wiretaps, search warrants were executed for the residence of appellant and those of others implicated in the drug operation.

On December 21, 1982, while in the process of executing one of the warrants, police officers observed appellant leave his residence in a vehicle driven by his wife. Believing that the parties had picked up illegal narcotics at the residence, the police followed the vehicle. A chase ensued ending when appellant's car collided with the two police cars. Appellant fled on foot but was immediately apprehended. A search of a bag carried by appellant disclosed cash and drugs.

The parties were charged, at the time, only for aggravated assault, resisting arrest, reckless endangerment and various vehicle code violations. Appellant entered a guilty plea to these charges on April 21, 1983. Finally, on December 17, 1983, appellant was charged with drug related offenses arising out of information obtained from the wire-

taps and possession of the cash seized during the December 21, 1982 arrest.

Appellant filed a motion to dismiss the charges, alleging that the police knew of all of the offenses at the time of the December 1982 arrest. He further asserted that the second prosecution was violative of 18 Pa.C.S. § 110. The Superior Court disagreed. See, *Commonwealth v. Meyers*, 345 Pa. Super. 520, 498 A.2d 945 (1985). However, the Supreme Court reasoned that:

> The fortuitous circumstance that the drugs were discovered in Appellant's possession during a search incident to his arrest following the car chase, instead of the search of his residence as contemplated by the warrant, is of no significance in determining whether the subsequent prosecution for the possession charges was violative of § 110. The possession charges brought on December 17, 1983 arose from the same criminal episode leading to the Appellant's arrest on December 21, 1982. The possession offenses were obviously known to the prosecuting officers when Appellant's guilty plea was entered. Section 110(1)(ii) bars prosecution of the possession charges.*

> ---
> * The trial court erred in concluding that the two sets of charges did not arise from the same criminal episode because different issues of law and fact were involved. Although the question of whether the offenses require proof of facts not required by each other is a relevant inquiry under § 110(1)(iii), it is not the only criterion which must be considered in determining whether a violation of § 110 is established. Section 110(1) is framed in the disjunctive; thus, the presence of either subsection (i), (ii), or (iii) is sufficient to bar a subsequent prosecution.

*Commonwealth v. Meyers*, supra 516 Pa. at 397, 532 A.2d at 791.

In this case *sub judice*, both arrests took place at approximately the same time and, even though the search giving rise to the discovery of the controlled substances came as a result of an outstanding bench warrant, we find the situation similar enough to *Meyers*, to warrant a reversal of the trial court's order. As in *Meyers*, the drug violation charge arose from the same criminal episode leading to appellant's

arrest for driving under the influence. Thus, we respectful-
ly reverse the order of the trial court.

ORDER REVERSED.