658 A.2d 1353

**COMMONWEALTH of Pennsylvania**

v.

**George LANE, Appellee.**

Superior Court of Pennsylvania.

Argued March 7, 1995.

Filed May 24, 1995.

170

Norman Gross, Asst. Dist. Atty., Philadelphia, for the Com., appellant.

Scott B. Rudolf, Philadelphia, for appellee.

Before DEL SOLE, BECK and CERCONE, JJ.

DEL SOLE, Judge:

The Commonwealth appeals from the Order dismissing charges of Possession with Intent to Deliver a Controlled Substance and Knowing and Intentional Possession of a Controlled Substance brought against George Lane pursuant to 18 Pa.C.S.A. § 110. We reverse.

On the evening of April 29, 1992, Anthony Whiting was walking along a street in Philadelphia when two men approached him. One of these men, later identified as Appellee, placed a gun to Mr. Whiting's side and took items from him, including a gold chain. Approximately four months later, on August 18, 1992, Mr. Whiting observed Appellee standing along a street. He called the police informing them of the robber's location and description. Officers Barnes and Rhodes responded to the call and found Appellee at the location with other men. As the officers approached, the men dispersed and Appellee dropped a bag containing thirty-seven vials of crack into the bushes as he walked away. Appellee was arrested and a search of his body revealed eight more

vials of crack, cash and a gold chain which the victim identified as the one stolen during the robbery.

Appellee was charged with Robbery, Criminal Conspiracy and violating the Uniform Firearms Act for the April 29, 1992 incident. Separately Appellee was charged with Possession and Possession with Intent to Deliver a Controlled Substance for the offenses committed on August 18, 1992, the day of the arrest. The Commonwealth did not move to consolidate the cases even though Appellee was arrested for all the charges on the same day. A jury trial on the Robbery charges was held on December 15, 1992. Appellee excluded the drug trafficking evidence from the Robbery trial by Motion in Limine, and he was acquitted of the charges in the Robbery case. Later, Appellee filed a motion to dismiss all drug charges which the trial court granted on the ground that the Commonwealth violated 18 Pa.C.S.A. § 110, which bars a subsequent prosecution where there has been a former prosecution for a different offense.

The pertinent section of 18 Pa.C.S.A. § 110 provides that:

### § 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . . . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; . . . .

Citing *Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978), the trial court commented that 18 Pa.C.S.A. § 110 encourages judicial economy as it avoids repetitious litigation, and fosters due process by protecting an accused from multiple prosecutions stemming from the same criminal episode. The trial court found that Appellee's arrest for robbery and drug charges resulted from a common criminal episode, even though the crimes of drug possession and robbery are distinct offenses which require separate proof. The court decided that the Commonwealth was aware of the crimes, but failed to consolidate them in a single proceeding as required by 18 Pa.C.S.A. § 110.

█ Several factors are considered when determining whether a number of criminal charges arose from a single criminal episode: (1) the temporal sequence of events; (2) the logical relationship between the acts; and (3) whether they share common issues of law and fact. *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983). "Two separate offenses may constitute the same criminal episode if one offense is a necessary step in the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission." *Commonwealth v. Walton*, 405 Pa.Super. 281, 285, 592 A.2d 335, 337 (1991).

Appellee argues that the supreme court's analysis in *Commonwealth v. Walter Stewart*, 493 Pa. 24, 425 A.2d 346 (1981), *Commonwealth v. Hude, supra*, 500 Pa. 482, 458 A.2d 177 and *Commonwealth v. Meyers*, 516 Pa. 392, 532 A.2d 789 (1987) support the trial court's dismissal of the drug charges pursuant to 18 Pa.C.S.A. § 110. We disagree. These cases are clearly distinguishable from the case *sub judice*.

In *Walter Stewart*, the defendant was stopped and frisked by two police officers. They found a pistol on defendant and drugs lying near him on the street. On the day of the arrest, defendant was charged with possessing the firearm without a license, and the drug charges were filed against him one month later. He was brought to trial on the firearms charges

and he entered a guilty plea. Defendant was then indicted on the drug charges and he pled double jeopardy. A trial proceeded and a jury found him guilty.

The supreme court found that the two offenses committed by Stewart were part of the one episode since the crimes consisted of the possession of a gun and drugs at the exact same time. Additionally, the testimony of the same two officers regarding the same two offenses was required to convict defendant of both charges. The defendant's arguments about the legality of the stop and arrest as well as his challenges to the officer's credibility were relevant with respect to both charges. The court further held that the defendant did not waive his rights under 18 Pa.C.S.A. § 110 by failing to move for consolidation of the charges because he could not have moved to join the cases prior to his conviction on the first charge since the grand jury had not yet indicted him on the second charge. The court concluded that since the charges arose from the same conduct, the Commonwealth had the responsibility to consolidate the cases.

In *Hude, supra,* 500 Pa. 482, 458 A.2d 177, the defendant was charged with twenty counts of possession and delivery of marijuana and a count of corruption of a minor. The charges arose from a series of drug sales to the same person and the transactions took place on twenty separate days over a four month period. Nine charges were dismissed. The defendant was then brought to trial on three of the eleven drug possession and delivery charges and on the corruption charge. Defendant was acquitted of the three drug charges. The Commonwealth subsequently brought the defendant to trial on the other eight remaining drug charges. In both trials, the testimony of one man was presented by the Commonwealth to establish that he bought drugs from the defendant. The defendant was convicted of seven of the eight counts of possession and delivery.

Our supreme court held that the second prosecution on the remaining drug charges should have been barred by 18 Pa. C.S.A. § 110. The court reasoned that even though each drug sale occurred on different dates and involved varying amounts of marijuana, in both drug prosecutions, the Commonwealth's

case rested upon the credibility of one witness. The drug sales did not constitute completely independent episodes of criminal conduct so that the defendant could properly have been subjected to eleven separate trials. The court concluded that the drug charges following the defendant's acquittal of the initial three charges arose from the same criminal episode since they were so logically interrelated that they essentially involved the same issues of law and fact. The compulsory joinder rule set forth at section 110 was created to prevent such results.

In *Meyers, supra,* 516 Pa. 392, 532 A.2d 789, the Attorney General was investigating a drug ring and the defendant was one of the targets. A wiretap on the telephone lines of the suspects was used in the investigation over a period of twenty-one days. Based upon the information obtained, search warrants were executed for the suspects' homes. The police were in the process of executing a warrant when they observed the defendant leaving the residence in an automobile driven by his wife. The officers pursued the vehicle, a high speed chase ensued which ended in a auto collision between defendant and police. Defendant attempted to flee on foot, but was caught. The bag defendant carried contained $8000 in cash and drugs. Defendant was arrested, but he was only charged with assault, resisting arrest, recklessly endangering other persons and violations of the vehicle code. He pleaded guilty to these offenses. One year after the defendant's arrest, he was charged with the drug offenses arising from the wiretap information and the drugs and cash seized from him during the arrest. The possession and delivery charges were alleged to have occurred on different days and the conspiracy allegedly was committed during the time that the wiretap was in place.

The supreme court determined that the drug possession charges brought against the defendant a year after he was arrested arose from the same criminal episode which lead to his arrest on the day of the car chase. The prosecutors knew of the possession charges when the defendant pleaded guilty to the assault and vehicle code violations, and therefore the

charges should have been brought together. On the other hand, the court ruled that the later prosecution for the delivery of the drugs and conspiracy was not barred by section 110 because the delivery of the drugs occurred on a day several weeks prior to the day defendant ran from police and was caught with the drugs and cash. Nor was the conspiracy barred since it was alleged to have occurred over the entire period that the wiretap was in effect.

■ In *Walter Stewart, Hude,* and *Meyers,* the supreme court determined that the second prosecution was barred by the first trial because the crimes were all part of the same criminal episode and should have been tried together. Applying the analysis of these cases, the crimes committed by Appellee were not part of the same criminal episode. Appellee's robbery offense occurred almost four months before the drug offenses and it was merely a fortuitous event that he was arrested for both crimes at the same time.

The instant case is more similar to *Commonwealth v. Edward Stewart,* 325 Pa.Super. 465, 473 A.2d 161 (1984) than to the cases relied upon by Appellee. There, the defendant was arrested and charged with theft by receiving stolen property in connection with the taking of motor oil and some tools from an auto shop earlier that evening. After the arrest, a search warrant was executed for his vehicle which revealed the motor oil and tools. The police also found luggage containing drug paraphernalia and a substance which appeared to be illegal drugs. The police did not seize the drugs until the following day when another search warrant was obtained. Defendant was tried and acquitted of the theft charges. The complaint for drug possession was not filed until four months later. The defendant argued that the charges should be dismissed because the drug possession arose from the same criminal episode as the theft charges, therefore, the prosecution should be barred under 18 Pa.C.S.A. § 110.

This court held that the prosecution for drugs was not barred under the statute. Theft and possession of a controlled substance are not the same criminal act, and the law

defining each of these crimes requires proof of facts not required by the other. We also commented that the temporal relationship between the theft and drug possession charges is more theoretical than real. We elaborated:

In theory, therefore, it may be said that because both offenses were continuing, they occupied the same time frame at the moment when police searched appellant's automobile and found not only stolen property but controlled substances as well. In actuality, however, the temporal relationship between the two offenses is less than clear. The crime of theft by receiving stolen motor oil and mechanic's tools had its genesis in an unlawful taking which occurred during the early evening of August 16, 1980. There is no basis in the evidence here presented for finding that appellant's possession of controlled substances commenced at the time of the theft or at the time when appellant came into possession of the stolen property.

*Id.* 325 Pa.Super. 465, 471, 473 A.2d 161, 164. We concluded that the crimes were not logically related and the temporal relationship was marginal. The two offenses were not part of the same criminal episode simply because evidence pertinent to both cases was found during the same search. See also *Commonwealth v. Pinkston*, 342 Pa.Super. 333, 492 A.2d 1146 (1985) (Even though defendant was arrested and recovery of the property on all charges occurred simultaneously, the receipts of stolen property arose from two separate burglaries committed eight months apart and therefore the acquittal of defendant in one burglary did not bar the prosecution in the second charge of burglary).

In the present case, the robbery and the drug charges were not temporally or logically related, nor did they have common issues of law or fact. The only similarity was that Appellee was arrested for the crimes at the same time and Appellee coincidentally possessed one of the robbery items at the time of the arrest. The prosecution was not obliged to join the cases under 18 Pa.C.S.A. § 110 as they were not part of the same criminal episode. Thus, the order dismissing the charges of Possession with Intent to Deliver a Controlled

Substance and Knowing and Intentional Possession of a Controlled Substance is reversed.

Order reversed. Charges reinstated and case remanded for trial. Jurisdiction relinquished.