## Commonwealth v. Powell

*Roy Keefer,* for plaintiff.
*Charles Field,* for defendant.

SPICER, *P.J.,* July 28, 1995—Defendant asks the court to bar prosecution for arson and related charges, which arise out of a barn fire on July 10, 1994, and thefts of two all-terrain vehicles, allegedly stolen be-

tween July 1, 1994, and July 19, 1994. Although we convened a hearing on July 7, 1995, no evidence was introduced. Rather, counsel relied upon records and then requested leave to supplement arguments by furnishing authority. We, therefore, rely upon backgrounds as explained by counsel, especially defense counsel, our review of case files, and our own understanding.[1] The parties must assume, along with the court, the risk that a fuller development of fact might lead to a different conclusion. Defendant's motion, based upon 18 Pa.C.S. §110, is fact dependent. The Supreme Court recently said, "the inquiry as to whether a series of criminal acts constitutes a single criminal episode is fact dependent . . . ." *Commonwealth v. Bracalielly*, 540 Pa. 460, 463, 658 A.2d 755, 757 (1995).

In all fairness, there appears to be little dispute as to facts.

The Supreme Court also said, in the last cited case, the following:

"The relevant portions of 18 Pa.C.S. §110 state:

"Section 110. *When prosecution barred by former prosecution for different offense*

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this

---

1. Defense counsel was given until July 17, 1995, and Commonwealth until July 22, 1995, to submit authority. Commonwealth has chosen not to do so. This judge presided over juvenile court adjudications of juvenile accomplices and is somewhat familiar with the circumstances of each crime.

title (relating to when prosecution for same offense) and the subsequent prosecution is for: . . .

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; . . .

"Section 110, by barring criminal prosecution for offenses arising from the same criminal episode on which a previous prosecution was based, effectively creates a rule of compulsory joinder. As we stated in *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983), section 110 was designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. *Id.* at 489, 458 A.2d at 180. (citations omitted) By requiring compulsory joinder of all charges arising from a single 'transaction,' a defendant need only once 'run the gauntlet' and confront the 'awesome resources of the state.' *Commonwealth v. Campana, (Campana I),* 452 Pa. 233, 251, 304 A.2d 432, 440 (1973).

"Section 110(1)(ii) will only bar the instant prosecutions if: (1) the former prosecutions resulted in an acquittal or in a conviction; (2) the instant prosecutions are based on the same criminal conduct or arose from the same criminal episode as the former prosecutions; (3) the prosecutor was aware of the instant charges before the commencement of the trials on the former charges; and (4) the instant charges and the former charges were within the jurisdiction of a single court.

18 Pa.C.S. §110(1)(ii)." *Bracalielly, supra* at 470, 658 A.2d at 760.

The court recognized that "same criminal episode" may be an amorphous phrase and troublesome to apply, but stressed that inquiry must not be approached in a hypertechnical and rigorous perspective, so as to defeat the purposes of the section. The court indicated that a single criminal episode exists if charges are logically and/or temporally related and share common issues of law and fact. However, substantial duplication, not merely a de minimis showing of factual duplication, is required.

It would appear that more than convenience is at stake. If one witness describes 100 incidents which significantly vary, 100 trials may be required. On the other hand, if there is little difference, one trial may be mandated.

In this context, we think it relevant that both *Commonwealth v. Bracalielly, supra* and *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983) involved multiple drug transactions. In *Hude,* one undercover police agent participated in a large number of buys and testimony in all prosecutions was essentially the same. The section was applied to vitiate later endeavors to find defendant guilty. On the other hand, where witnesses were not the same, subsequent prosecutions were allowed in *Bracalielly.* Important, in fact crucial, to the court's decision was involvement and independent investigations by two police departments. The latter case involved different witnesses, even though legal issues may have been the same.[2]

---

2. There is no indication, in the Supreme Court's opinion, that either legal issues or factual issues differed. We know that entrapment is asserted fairly often in drug cases, but there was no discussion

The Superior Court has indicated that a consideration of "same criminal episode" is whether one offense is a necessary step toward the accomplishment of a given criminal objective or if additional offenses occur because of efforts to secure the benefit of a prior offense or to conceal its commission. *Commonwealth v. Perillo,* 426 Pa. Super. 1, 626 A.2d 163 (1993). This logical connection is certainly not present in the cases before us. All fires might be described as arising from random maliciousness. However, we understand that this does not automatically exclude application of the section.

We deal with one police department, the Pennsylvania State Police, a period of time roughly equal to three weeks, the same geographic area, defendant's confession which is common to all crimes and the same set of participants in the two arson cases. Much the same is true for charges involving theft. Powell and three juveniles, identified as T.L.L., P.A.L., and B.G.M., were involved in a crime spree between July 1, 1994, and July 20, 1994. At the start of this 20 day period, a barn owned by Mildred Geisler was burned. (CC-632-94.) The Clara Krape barn was burned July 10, 1994. (CC-426-94.) A bale of hay stored in a field, and belonging to John Lloyd was destroyed July 9, 1994. (CC-17-95.) An all-terrain vehicle, owned by Philip Hansen, was stolen between July 1 and July 19, 1994. (CC-427-95.) A similar vehicle owned by Michael Bowers was taken July 18 or 19, 1994. (CC-428-95.) All juvenile accomplices were involved in the two barn fires. One juvenile, T.L.L., participated in setting fire to the hay and another, B.G.M., helped steal the ATVs.

---

of expected evidence. Although the Supreme Court emphasized that section 110 cases are fact dependent, the different police departments were critical to the decision.

Trooper James Graham obtained a confession from defendant which implicated him in all of the crimes.

Defendant's previous pleas of guilty involved CC-632-94 and CC-17-95, the Geisler barn (July 1, 1994), and the bale (July 9, 1994). Records in CC-632-94 indicate defendant pleaded to arson as a felony of the second degree, and was sentenced from four to 23 months. In CC-17-95, he pleaded to agricultural vandalism, and the charge was essentially treated as a summary offense for purposes of sentencing, although technically a misdemeanor of the third degree. In neither case was conspiracy charged that implicated property or crimes involved. (CC-426, 427 and 428-94.)

Defendant argues that those pleas invoke section 110 and preclude further prosecution.

A plea of guilty operates as a conviction for purposes of section 110. 18 Pa.C.S. §109; *Commonwealth v. Rosario,* 438 Pa. Super. 241, 652 A.2d 354 (1994); *Commonwealth v. Bracalielly, supra.*

However, plea agreements do "not present the problem of piecemeal litigation . . . because the charges filed [to other numbers] were resolved through a *consensual* negotiated plea agreement." *Commonwealth v. Perillo, supra* at 11, 628 A.2d at 168. (emphasis in original)

Defendant concedes that his argument is weaker, as it pertains to the two theft charges. While it is true that defendant's confession will be introduced, the crimes occurred during the same general period as the earlier cases, there may be mention of one of the three juveniles and the same prosecutor will be involved, these factual duplications hardly qualify as substantial. We therefore reject the arguments, based on the theft cases.

The second arson charge is obviously a more difficult call. However, even there, we find distinctions which operate against mandatory joinder. The Superior Court was asked, in *Commonwealth v. Perillo, supra,* to apply section 110 because all victims were the same. We think it important that our victims are all different. It may be that proof of corpus delicti will also be different. While factual similarities exist between the three cases involving fires, there are no logical connections between them. Reduced to simple essence, the main common ingredient in these cases is that the crimes were all mindless acts of destruction committed in a relatively short period of time. There is no indication of either purpose or plan.

Since defendant's prior conviction was a plea agreement, judicial economy emerges as the main policy reason applying section 110. The strain placed on the judicial system by trials would seem to be minimal. No additional burdens than those which preexisted the plea arrangements will be created. Actually, any added strain on the judicial system arises almost solely from defendant's attempt to apply section 110.

We think it one thing to require the Commonwealth to proceed at one time with all numerous drug cases, all involving the same basic scenario, and quite another to apply section 110 to cases involving different victims, different property and different circumstances.[3]

---

3. A recent Superior Court decision, *Commonwealth v. Lane,* 442 Pa. Super. 169, 658 A.2d. 1353 (1995) reversed a dismissal under section 110. Lane, when arrested in August for an April robbery was found to possess drugs. While collecting and discussing cases, that court observed that temporal connection is often more theoretical than real and that the test is whether the charges constitute completely separate episodes of criminal conduct.

392

Although consolidation might have been wise, had all charges gone to trial, we do not believe it either expedient or wise to hold that section 110 applies.

Accordingly, the attached order is entered.

## ORDER

And now, July 28, 1995, defendant's motion to quash is denied.