**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Richard M. GRILLO, Appellant**

Superior Court of Pennsylvania.

Argued Oct. 26, 2006.

Filed Feb. 6, 2007.

Janine Edwards, Honesdale, for appellant.

Patrick L. Robinson, Asst. Dist. Atty., Honesdale, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., and STEVENS, MUSMANNO, ORIE MELVIN, LALLY-GREEN, TODD, KLEIN, BENDER, BOWES, JJ.

OPINION BY KLEIN, J.:

¶ 1 Richard M. Grillo appeals from his judgment of sentence for attempted burglary, receiving stolen property (RSP) and related charges. On August 9, 2003, Grillo was caught near the door to a house with fresh pry marks on the door. A retired police sergeant's badge and a camera were also found in Grillo's sport utility vehicle (SUV) at the time of his arrest for the burglary. The badge and camera were items stolen in earlier, separate burglaries in April and May 2003.

¶ 2 The essence of Grillo's claim on appeal is that the trial court improperly denied his motion to sever [1] the attempted

---

1. It is well settled that a motion for severance is addressed to the sound discretion of the trial court, and that the decision reached by the trial court will not be disturbed absent a showing of manifest abuse of discretion. *Commonwealth v. Presbury,* 445 Pa.Super.

burglary charge from the RSP charge; instead, the court conducted a joint trial for both crimes. Under the language of Pa.R.Crim.P. 563 (Joinder of Offense in Information) and Pa.R.Crim.P. 582 (Joinder—Trial of Separate Indictments or Informations) these separate crimes do not meet the criterion for joinder. Therefore, we are constrained to vacate and remand for separate trials.

¶ 3 The language of Pa.R.Crim.P. 563 and 582 is identical, in part, and states that more than one offense may be charged in the same information and/or tried together if:

(1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(2) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 563(A); 582(A).

¶ 4 While there is no "danger of confusion" regarding the evidence of each crime under subsection (1), the evidence of the stolen badge and camera would not be admissible in the trial for attempted burglary. The Commonwealth's claim that the badge might be used if Grillo was caught is far-fetched and would not make the items upon which the RSP charge is based admissible in the burglary case.

¶ 5 Therefore, to sustain joinder, the Commonwealth must establish that the offenses are based on "the same act or transaction." Pa.R.Crim.P. 563(A)(2); Pa.R.Crim.P. 582(A)(2). The Commonwealth contends that because RSP is a continuing crime, having the stolen badge and camera in the SUV and attempting to break into a house are part of "the same act or transaction."

¶ 6 We conclude that this argument runs counter to both the plain language of the Rules and case law interpreting similar language in 18 Pa.C.S.A. § 110, which discusses when prosecutions are barred by former prosecutions for the same offense.

¶ 7 Black's Law Dictionary defines an act [2] as "[s]omething done or performed," and a transaction [3] as "[t]he Act or an instance of conducting business or other dealings." Here two things were done or performed—possession of stolen items found in the SUV and attempting to break into a house. Assume for a moment that there was no burglary but instead Grillo was playing basketball. Would anyone say that playing basketball and having stolen the items in the SUV are the same act or transaction? Suppose the stolen property was found in Grillo's house. Would anyone consider that part of the same act or transaction as the attempted burglary? Likewise, breaking into a house and having proceeds of other, unrelated burglaries in your SUV are separate and distinct occurrences.

¶ 8 While there is little case law dealing with permissive joinder, there are cases dealing with similar language under section 110 (When prosecution is barred by former prosecution for different offense). Section 110 bars retrial for "any offense based on the same conduct or arising from the same criminal episode." 18 Pa.C.S.A. § 110. That is similar to the "based on the same act or transaction" language found in Rules 563 and 582.

¶ 9 We adopt the reasoning from our Court's decision, *Commonwealth v. Lane,* 442 Pa.Super. 169, 658 A.2d 1353, 1355

---

362, 665 A.2d 825, 827–28 (1995) (citing *Commonwealth v. Jones,* 530 Pa. 591, 610 A.2d 931, 936 (1992)).

**2.** Black's Law Dictionary 26 (8th ed.2004).

**3.** Black's Law Dictionary 1535 (8th ed.2004).

(1995). In *Lane*, the Court considered several factors in determining whether there was a single episode:

1. the temporal sequence of events;
2. the logical relationship between the acts; and
3. whether they share common issues of law and fact.

Here, while the camera and badge were in the SUV at the same time as the burglary was being attempted, the burglaries from which the camera and badge were the proceeds had occurred months prior. Therefore, the RSP well may have been a continuing crime for many days, while the attempted burglary was at a specific time far removed from the other burglaries.

¶ 10 There does not seem to be any relationship between the RSP and the attempted burglary, except that it may be used to show that if Grillo had proceeds from two burglaries, he is a bad person and more likely to try to commit another burglary. This is precisely why evidence of another crime is considered too prejudicial to be admissible. Evidence of other crimes is generally prohibited by Pa.R.E. 404(b), which provides that such evidence can only be admitted when the probative value outweighs the potential for prejudice. It can be admitted under Pa.R.E. 404(b)(2), but only if it is used to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absences of mistake or accident. None of those circumstances is present in the instant case.

¶ 11 There are no real common issues of fact between the RSP and the attempted burglary. The victims are different and the evidence is different. The burglary would be tried without any reference to the stolen items found in the SUV. The RSP, if tried separately, would be tried without any reference as to *why* the police were looking in the SUV. Therefore, there is no need to bring the facts of one crime into the trial of the other. The issues of fact are *not* common.

¶ 12 This Court has previously considered whether something that is a continuous crime makes it part of the same act as another crime and rejected that concept. In *Commonwealth v. Stewart*, 325 Pa.Super. 465, 473 A.2d 161 (1984), while executing a search warrant of a car looking for stolen motor oil and tools, the police found drugs and drug paraphernalia. This Court concluded that the offenses of theft by receiving stolen property and possession of drugs had, at best, a marginal temporal relationship, and that they did not arise from the same criminal episode merely because evidence relevant to both was found during the search. The *Stewart* court stated:

> In theory, therefore, it may be said that because both offenses were continuing, they occupied the same time frame at the moment when police searched appellant's automobile and found not only stolen property but controlled substances as well. In actuality, however, the temporal relationship between the two offenses is less than clear. The crime of theft by receiving stolen motor oil and mechanic's tools had its genesis in an unlawful taking which occurred during the early evening of August 16, 1980.

> There is no basis in the evidence here presented for finding that appellant's possession of controlled substances commenced at the time of the theft or at the time when appellant came into possession of the stolen property.

*Id.* at 164. In the instant case, one act is possessing stolen property in an SUV, while the other is an attempted burglary at someone's house. These events are even less related than those in *Stewart*.

¶ 13 Therefore, we find that the trial court abused its discretion when it denied

Grillo's motion to sever the RSP charge from attempted burglary charges. *Presbury, supra.* Grillo is entitled to new, separate trials for the two separate offenses.

¶ 14 Judgment of sentence vacated; case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 15 FORD ELLIOTT, P.J., MUSMANNO and BENDER, JJ., join; TODD, J., concurs in the result.

¶ 16 ORIE MELVIN, J., files a Dissenting Opinion, in which STEVENS, LALLY–GREEN and BOWES, JJ., join.

DISSENTING OPINION BY ORIE MELVIN, J.:

¶ 1 Because I am unable to conclude that the trial court abused its discretion in this matter, I respectfully dissent.

¶ 2 As the Majority observes, we review a trial court's decision on a motion to sever for an abuse of discretion. *Commonwealth v. Thomas,* 879 A.2d 246, 260 (Pa.Super.2005).

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Levanduski,* 907 A.2d 3, 14 (Pa.Super.2006) (citation omitted).

¶ 3 Appellant was charged with, among other things, having violated Section 3925(a) of the Crimes Code in that he allegedly "did intentionally receive, retain or dispose of movable property," namely the camera and police badge, "with no intention to restore it to the owner, knowing that such property was stolen." Certified Record (C.R.) at 4. He was also charged with, *inter alia,* criminal attempt to commit burglary in violation of Section 901 of the Crimes Code. *Id.* And, since these charges were set forth in the same criminal information, joinder is governed by Rule 563 of our Rules of Criminal Procedure:[4]

**Rule 563. Joinder of Offenses in Information**

(A) Two or more offenses, of any grade, may be charged in the same information if:

> (1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

> (2) the offenses charged are based on the same act or transaction.

(B) There shall be a separate count for each offenses charged.

Pa.R.Crim.P. 563, 42 Pa.C.S.A.

¶ 4 The trial court denied Appellant's motion to sever, concluding that the offenses of receiving stolen property and attempted burglary could be joined pursuant to Rule 563(A)(2). For the reasons which follow, I agree. I am also unpersuaded by the Majority's reliance on *Commonwealth v. Lane,* 442 Pa.Super. 169, 658 A.2d 1353 (1995), and *Commonwealth v. Stewart,* 325 Pa.Super. 465, 473 A.2d 161 (1984), both of which addressed the statutory prohibition against multiple prosecutions which stem from the same criminal episode.[5] In the case *sub judice,* we are

---

4. As such, Pa.R.Crim.P. 582 has no application to this matter.

5. 18 Pa.C.S.A. § 110, which "statutorily extends Federal and Pennsylvania constitutional

presented with the question of whether the trial court abused its discretion in denying Appellant's motion to sever based on **permissive** joinder, not **compulsory** joinder under Section 110.

¶ 5 In the context of assessing the trial court's discretion in ruling on a motion to sever, our Supreme Court has explained that "[t]he general policy of the law is to encourage joinder of offenses and consolidation of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expensive and time-consuming duplication of evidence." *Commonwealth v. Patterson*, 519 Pa. 190, 197, 546 A.2d 596, 600 (1988).

> [T]he interest in judicial economy must be balanced against the need to minimize the prejudice that may be caused to a defendant by consolidation. *Commonwealth v. Morris*, [493 Pa. 164, 425 A.2d 715 (1981)]; *Commonwealth v. Lasch*, 464 Pa. 573, 347 A.2d 690 (1975). In determining whether the trial judge abused his discretion, the critical factor is whether the accused has been prejudiced by the trial court's decision.

*Id.* at 197, 546 A.2d at 600. "The defendant bears the burden of proving that he was prejudiced by the decision not to sever, and he must show real potential for prejudice rather than mere speculation." *Commonwealth v. Rivera*, 565 Pa. 289, 298, 773 A.2d 131, 137 (2001), cert. denied, 535 U.S. 955, 122 S.Ct. 1360, 152 L.Ed.2d 355 (2002); *see also Commonwealth v. Katsafanas*, 318 Pa.Super. 143, 464 A.2d 1270, 1278 (1983)(explaining that the appellant has the burden of proving that denial of severance constituted manifest abuse of discretion or clear injustice; "[t]he assertion of a better chance of acquittal" if

severance were granted does not meet this burden.).

¶ 6 Based on my review of the record and the briefs filed before this Court *en banc*, I am unable to conclude Appellant met his burden of demonstrating prejudice or injustice from the trial court's ruling. Indeed, Appellant's brief does no more than baldly assert that he was "deprived ... of his right to a fair trial," and that "[i]t is the position of the Defendant/Appellant that he was unduly prejudiced by the consolidation of these offenses and the Defendant/Appellant therefore, is entitled to a new trial." Appellant's brief at 5, 6. In my view, this argument falls far short of meeting Appellant's burden.

¶ 7 Moreover, I find support for the trial court's determination that the offenses charged arise out of the same act or transaction and, thus, fall squarely within Rule 563(A)(2). In *Commonwealth v. Farrar*, 271 Pa.Super. 434, 413 A.2d 1094 (1979), we explained that the language of the statute defining the crime of receiving stolen property makes the offense an ongoing or continuing one. Accordingly, we found that the appellant's commission of that crime "did not terminate until the stolen property was taken from her" some two years after she acquired it. *Id.* at 1098. Similarly, in *Commonwealth v. Kuykendall*, 318 Pa.Super. 429, 465 A.2d 29 (1983), we vacated the trial court's order arresting judgment on a conviction for receiving stolen property when the appellee committed the theft in another state and brought the property into Pennsylvania. Relying on *Farrar*, we reiterated that the offense of receiving stolen property is a continuing one. *Id.* at 31. *See also* Annotation, *Possession of Stolen Property as a Continuing Offense*, 24 A.L.R. 5th 132, §§ 3(a),

---

protections against double jeopardy and embodies the same basic purposes as those underlying the double jeopardy clauses[.]"

*Commonwealth v. Bracalielly*, 540 Pa. 460, 469, 658 A.2d 755, 759 (1994).

348 ▪ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4(a) (1994) (observing that, "the very use of the word 'retain' [in a statute defining the crime of receiving stolen property] has been deemed to connote a clearly legislative design to make that aspect of theft a continuing one," and the crime thus begins at the time of receipt of the stolen property and ends only when the defendant is divested of the stolen property.).

¶ 8 As noted above, the trial court concluded that the charged offenses were based on the same act or transaction. Given that the property which formed the basis of the receiving stolen property offense was found at the time of Appellant's arrest for attempted burglary, and recognizing that the crime of receiving stolen property is a continuing one under Pennsylvania law, I find nothing improper in the trial court's conclusion which, on these facts, is logically supported by the record and eminently reasonable. Consequently, I am unable to conclude the trial court overrode or misapplied the law, or exercised manifestly unreasonable judgment, or that its decision was a result of partiality, prejudice, bias, or ill will. Accordingly, I find no abuse of discretion and respectfully dissent from the Majority's conclusion that the judgment of sentence must be vacated and the case remanded for separate trials.

¶ 9 STEVENS, LALLY–GREEN and BOWES, JJ., join.