J. S55026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WALDEMAR ROSAS | : | |
| | : | |
| | : | No. 1675 EDA 2015 |

Appeal from the Order Entered May 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012668-2012
CP-51-CR-0012672-2012

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 04, 2017**

The Commonwealth of Pennsylvania appeals from the Order entered in the Philadelphia County Court of Common Pleas on May 12, 2015, dismissing felony and misdemeanor charges against Appellee, Waldemar Rosas, following resolution in Appellee's favor of summary traffic offenses. After careful review, we reverse.

The record reflects that on September 30, 2012, Officer Timothy Stephan of the Philadelphia Police Department observed Appellee disregard a stop sign while operating a motor vehicle. Officer Stephan initiated a traffic stop, and as he approached the car, he saw the car's passenger make a

---

* Former Justice specially assigned to the Superior Court.

shoving motion toward his right side. Officer Stephan opened the passenger door and saw marijuana inside the passenger-side door.

Officer Stephan placed Appellant into custody and performed a search of Appellant's vehicle. During the search, Officer Stephan's partner recovered a gun from the vehicle's trunk—which was later discovered to have been stolen—and a loaded magazine in the passenger cabin that matched the gun found in the trunk. *See* N.T. Preliminary Hrg., 10/22/12, at 4-6. Officer Stephan issued Appellant a citation for Disregarding a Stop Sign and for Driving Without a License,[1] both summary offenses.

Following this incident, on November 1, 2012, the Commonwealth also charged Appellant with Receiving Stolen Property and Firearms Not to be Carried Without a License,[2] both felonies, and Intentional Possession of a Controlled Substance, Carrying a Firearm in Public in Philadelphia, and Possession of an Instrument of Crime,[3] all misdemeanors.

---

[1] 75 Pa.C.S. § 3323(b) and 75 Pa.C.S. § 1543(a), respectively.

[2] 18 Pa.C.S. § 3925(a) and 18 Pa.C.S. § 6106(a)(1), respectively.

[3] 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 6108, and 18 Pa.C.S. § 907(a), respectively.

On December 4, 2012, for reasons not set forth in the certified record herein, the Philadelphia Traffic Court ("Traffic Court")[4] acquitted Appellant of the summary driving offenses.

More than two years later and after numerous continuances of trial, on May 5, 2015, Appellee filed a Motion to Dismiss the felony and misdemeanor charges, pursuant to the Compulsory Joinder Rule, 18 Pa.C.S. § 110. The trial court heard oral argument on Appellee's Motion to Dismiss on May 12, 2015, and subsequently dismissed all of the pending criminal charges. The trial court concluded that the felony and misdemeanor charges arose from the same criminal episode as the traffic offenses so joinder was necessary. Because the Commonwealth did not join the criminal charges with the summary charges, and the Traffic Court had already acquitted Appellee, the trial court concluded no further proceedings were permitted.

The Commonwealth timely appealed, raising the following issue: "Did the lower court err when, in contravention of Supreme Court precedent, it dismissed felony and misdemeanor charges pursuant to 18 Pa.C.S. § 110 based upon the prior adjudication of summary traffic offenses?" Commonwealth's Brief at 4.

The Commonwealth challenges the trial court's interpretation and application of 18 Pa.C.S. § 110. Thus, "our standard of review is *de novo*,

---

[4] It was not until 2013 that the legislature abolished Traffic Court and assigned to Municipal Court jurisdiction to hear traffic offenses. **See**, **infra** at 5.

and our scope of review is plenary." ***Commonwealth v. Fithian***, 961 A.2d 66, 71 n.4 (Pa. 2008). Section 110 provides, in relevant part, as follows:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
> (i) any offense of which the defendant could have been convicted on the first prosecution;
>
> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or [ . . . ]

18 Pa.C.S. § 110(1)(i) and (ii).

As has been summarized by our Supreme Court, Section 110(1)(ii) contains four requirements which, if met, preclude subsequent prosecution due to a former prosecution for a different offense:

> (1)    the former prosecution must have resulted in an acquittal or conviction;
>
> (2)    the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

   (3)  the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

   (4)  the current offense occurred within the same judicial district as the former prosecution.

*Fithian*, 961 A.2d at 72.

  The Commonwealth argues on appeal that the prior adjudication of Appellee's summary traffic offenses in Traffic Court did not bar his later prosecution on felony and misdemeanor charges; and, in fact, the Pennsylvania Constitution precluded Appellee's prosecution on summary offenses simultaneously with misdemeanor and felony charges. Commonwealth's Brief at 9-12, 15-16. We agree.

  Prior to 2013, the Traffic Court had exclusive jurisdiction over the adjudication of traffic offenses committed in Philadelphia County,[5] and the Municipal Court and Court of Common Pleas had exclusive jurisdiction over the adjudication of misdemeanor and felony offenses.[6,7] On June 19, 2013,

---

[5] "The traffic court shall have exclusive jurisdiction of all summary offenses under the motor vehicle laws." Pa. Const. Sched. Art. V § 16(s); *see also* 42 Pa.C.S. § 1302(a.1)-(b) (1979).

[6] "The municipal court shall have jurisdiction in . . . [a]ll summary offenses, except those under the motor vehicle laws." Pa. Const. Sched. Art. V § 16(r)(ii); *see also Commonwealth v. Masterson*, 418 A.2d 664, 666-67 (Pa. Super. 1980).

[7] "The court of common pleas shall have unlimited original jurisdiction in all cases except those cases assigned by this schedule to the municipal court

Pennsylvania Governor Tom Corbett signed into law Act 17 of 2013, abolishing the Traffic Court and transferring its responsibilities to the newly-created Traffic Court Division of the Municipal Court of Philadelphia. [8]

The criminal episode from which all charges arose, and the Traffic Court proceeding in this case occurred in 2012, when the Traffic Court had exclusive jurisdiction to adjudicate only the summary traffic offenses with which Appellee had been charged. The Pennsylvania Constitution, thus, prohibited the Commonwealth from prosecuting Appellee's summary traffic charges in the Municipal Court or the Court of Common Pleas. *See Commonwealth v. Masterson*, 418 A.2d 664, 666-69 (Pa. Super. 1980).[9] Likewise, Appellee's felony and misdemeanor criminal charges could not be adjudicated in Traffic Court.

We conclude that, given the trifurcated judicial apparatus that existed in Philadelphia County at the time of the criminal episode in this case, even though the conduct giving rise to the criminal charges in the instant matter "occurred within the same judicial district"—Philadelphia County—the

and to the traffic court." Pa. Const. Sched. Art. V § 16(o); *see also* 42 Pa.C.S. § 931.

[8] *See* 42 Pa.C.S. § 1123(a)(9)(i).

[9] We acknowledge that this Court decided *Masterson* prior to the 2002 amendment to Section 110(1)(ii) that substituted the phrase "occurred within the same judicial district as the former prosecution" for "was within the jurisdiction of a single court." However, we find its discussion of the constitutional and statutory framework of the jurisdiction of the pre-2013 Philadelphia courts instructive.

statutory and constitutional law prohibited the Commonwealth from consolidating Appellee's summary traffic offense trial with the trial on his misdemeanor and felony offenses.[10]

Moreover, even if the offenses could have been tried together, we disagree with the trial court that the charges in this case arose from the same criminal episode.

In determining whether charges arose from the same criminal episode, courts must look to the "temporal and logical relationship between the charges to determine whether they arose from a single criminal episode." *Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013) (quotation marks omitted). "Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists." *Commonwealth v. Hude*, 458 A.2d 177, 181 (Pa. 1983). With respect to whether a logical relationship exists, however, the Supreme Court explained:

> In ascertaining whether a number of statutory offenses are logically related to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If there is duplication, then the offenses are logically related and must be prosecuted at one trial.

*Id.* (internal quotation marks omitted).

---

[10] We acknowledge that this Court recently considered this issue in *Commonwealth v. Perfetto*, ___ A.3d ___, 2017 Pa. Super. 281 (Pa. Super. filed August 30, 2017) (*en banc*). We find, however, that the analysis in *Perfetto* is inapplicable herein as the instant matter pre-dates abolition of Philadelphia Traffic Court.

Substantial duplication of issues of law and fact is a prerequisite, as *de minimis* duplication is insufficient to establish a logical relationship between offenses. ***Commonwealth v. Bracalielly***, 658 A.2d 755, 761 (Pa. 1995). Where different evidence is required to establish the defendant's involvement in criminal activity, substantial duplication is not demonstrated. ***See id.*** at 761-62. "When determining if there is a duplication of legal issues, a court should not limit its analysis to a mere comparison of the charges, but should also consider whether, despite the variation in the form of the criminal charges, there is a commonality of legal issues within the two prosecutions." ***Reid***, 77 A.3d at 585-86 (citations and quotation marks omitted). "Two separate offenses may constitute the same criminal episode if one offense is a necessary step in the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission." ***Commonwealth v. Lane***, 658 A.2d 1353, 1355 (Pa. Super. 1995) (citation omitted).

Furthermore, in considering the temporal and logical relationship between criminal acts, we are guided by the policy considerations that the legislature designed Section 110 to serve:

> (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

*Commonwealth v. Anthony*, 717 A.2d 1015, 1019 (Pa. 1998) (citation omitted). However, Section 110 "must not be interpreted to sanction volume discounting, procedural maneuvering, or to label an 'enterprise' an 'episode.'" *Reid*, 77 A.3d at 586 (citation, brackets, and ellipsis omitted).

In the instant matter, the trial court summarily determined that this case easily satisfied all but one of the four *Fithian* prongs; thus, the court analyzed only whether the instant prosecution on the felony and misdemeanor offenses is based upon the same criminal conduct or arose out of the same criminal episode as the former Traffic Court prosecution. Trial Ct. Op., 12/9/15, at 3-4. The court, relying on the holding in *Hude*, concluded that the Commonwealth should have consolidated the charges against Appellee for purposes of trial because "[t]he Commonwealth's case for both sets of offenses rests solely on the testimony of the single officer who effectuated the traffic stop." *Id.* at 4. Because "both prosecutions present a substantial duplication of facts and issues [ ] they constitute the same criminal episode under Section 110." *Id.*

Following our review, however, we conclude that, contrary to the trial court's assessment, the logical relationship between all of the charged crimes is insubstantial, and, thus, the conclusion that they comprised a single criminal episode is error. The Traffic Court acquitted Appellant of Disregarding a Stop Sign and Driving Without a License. Conviction of those offenses would have required the Commonwealth to present evidence that

Appellee failed to stop at a stop sign and that Appellee operated the vehicle at a time when his operating privilege had been suspended or revoked. The prosecution for Receiving Stolen Property, Possession of a Controlled Substance, and firearms violations is materially different from disregarding a stop sign and driving without a valid license, and proof of those crimes requires substantially different evidence and witnesses.

Moreover, aside from a *de minimis* explanation of the traffic stop, there is no need for the Commonwealth to present evidence pertaining to the traffic offenses in the subsequent prosecution. Although one might operate a vehicle without a license or disregard a stop sign during the commission of another crime, commission of the traffic offenses is not a necessary step in the accomplishment of the criminal objectives of the misdemeanor and felony crimes with which the Commonwealth charged Appellee. Hence, there is no logical relationship between the former and latter prosecutions.

Because the charged crimes did not constitute a single criminal episode for Section 110 purposes, on this alternative basis, we also conclude that the trial court erred by dismissing the misdemeanor and felony charges against Appellee.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

J. S55026/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2017