J-S46040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN WHITE | : | |
| | : | |
| Appellant | : | No. 3347 EDA 2019 |

Appeal from the PCRA Order Entered October 24, 2019
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002455-2015

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: January 21, 2021

Stephen Rodney White ("White") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] We affirm.

On February 7, 2015, the owners of a home on Burnett Road, Lower Moreland Township, Montgomery County, returned to find that their home had been burglarized, and that jewelry, watches, cash, and a handgun had been stolen (the "Burnett Road burglary"). On the evening of March 21, 2015, officers from the Lower Moreland Township Police Department, while patrolling residential areas in close proximity to Burnett Road, observed an individual, later identified as White, exit a vehicle on Bonnie Lane and approach two separate homes. The officers approached the second home, and observed

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

White crouching in the bushes in front of the home and looking into the front window.

White returned to the vehicle and left the area. The officers returned to their vehicle and followed White's vehicle. The officers ran a search of White's vehicle registration, discovered that the vehicle was not registered, and effectuated a traffic stop of White's vehicle. Upon approaching White's vehicle, the officers observed a ladder, gloves, and multiple cell phones in plain view. The officers arrested White at the scene. Based on the foregoing, police executed a search warrant at an address in Philadelphia, Pennsylvania, that was associated with White. At the premises, police recovered, among other items, jewelry and a handgun that were reported as stolen from the Burnett Road residence.

White was charged with various offenses related to the Burnett Road burglary and the incident on Bonnie Lane. Prior to trial, White filed a Motion to sever the charges resulting from the Burnett Road burglary and the incident on Bonnie Lane, which the trial court denied. White was convicted, following a jury trial, of loitering and prowling at nighttime, conspiracy to commit loitering and prowling at nighttime, and receiving stolen property.[2] On August 11, 2016, the trial court sentenced White to an aggregate term of nine to twenty years in prison. On January 19, 2018, this Court affirmed White's

---

[2] White was also convicted of persons not to possess a firearm following a bifurcated trial.

judgment of sentence. ***Commonwealth v. White***, 183 A.3d 1073 (Pa. Super. 2018) (unpublished memorandum). White filed a Petition for allowance of appeal to the Supreme Court of Pennsylvania on February 13, 2018. On August 13, 2018, White filed a letter with the Supreme Court seeking to withdraw his Petition for allowance of appeal. On the same date, the Supreme Court issued an Order disposing of White's Petition as withdrawn.

On April 4, 2019, White, *pro se*, filed the instant Petition.[3] The PCRA court appointed White appointed counsel. Thereafter, PCRA counsel filed a ***Turner-Finley***[4] letter and a Petition to withdraw from representation. On September 4, 2019, the PCRA court issued a Notice of its intent to dismiss White's Petition without a hearing and granted White's counsel's petition to withdraw, to which White filed a *pro se* Objection to the Notice. On October 23, 2019, the PCRA court entered an Order dismissing White's Petition. White filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

White raises the following issues for our review:

I. Whether the PCRA court erred when it dismissed [White]'s Petition without an evidentiary hearing when it was established

---

[3] White's PCRA Petition is timely because "[a] judgment of sentence becomes final for PCRA purposes [on the date the direct] appeal is discontinued voluntarily." ***See Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (holding that a judgment of sentence becomes final for PCRA purposes when an appeal is discontinued voluntarily).

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

that direct appeal counsel provided ineffective assistance by failing to raise a properly preserved severance claim[,] especially when the trial court's initial denial was in conflict with this Court's *en banc* decision of [*sic*] **Commonwealth v. Grillo**, 917 A.2d 343 (Pa. Super. 2007)?

II. Whether PCRA counsel was ineffective for failing to raise in the initial PCRA Petition that trial counsel was ineffective for failing to argue that [White] was constructively denied counsel at a critical stage violating his right to counsel and due process as guaranteed by the Sixth and Fourteenth Amendments of the U[nited] S[tates] constitution and the [United States] Supreme Court's holding of [*sic*] **Rothgery v. Gillespie Cty.**, 544 U.S. 191 (2008)?

Brief for Appellant at 2.

Both of White's arguments involve allegations of ineffectiveness of counsel. As we have stated,

[t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

**Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven specifically-enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2), one of which is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable

adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on appellant." **Rivera**, 10 A.3d at 1279. To satisfy this burden, the petitioner must plead and prove by a preponderance of the evidence that

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

**Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Id.**

With respect to a PCRA hearing,

> [i]t is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

**Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and some formatting omitted).

White first argues that his direct appeal counsel was ineffective for failing to raise the trial court's denial of his Motion to sever charges resulting

- 5 -

from a burglary unrelated to the charges for which he was convicted. Brief for Appellant at 8-12. White claims that this Court's decision in *Grillo* both compelled the trial court to sever White's other burglary charges from the instant case, and also mandated relief from the PCRA court. *Id.* at 10-12. White asserts that this claim has arguable merit, and that no reasonable basis exists as to why his direct appeal counsel did not raise this claim on direct review. *Id.* at 12. Finally, according to White, the PCRA court erred in dismissing his Petition without a hearing because he suffered prejudice as a result of the trial court's denial of his severance Motion, as he was convicted of charges related to both events and received consecutive sentences from those convictions. *Id.*

In its Opinion, the PCRA court stated the following:

The charges of [l]oitering and [p]rowling and [r]eceiving [s]tolen [p]roperty would have been admissible under Pa.R.E. 404(b) in separate trials. When [White] was stopped on March 21, 2015, after he was observed loitering and prowling on Bonnie Lane, there was a telescoping ladder in the vehicle that matched the ladder prints left at the scene of the [] Burnett Road burglary. Both [White] and the driver of the car were wearing Timberland boots, consistent with prints left at the scene of the [Burnett Road] burglary. Additionally, a[ Nike] Air Force One sneaker, that matches the footprint left at [the] Burnett R[oad burglary], was found in his home as a result of the search that forms the basis for the [receiving stolen property] charges. Moreover, the Burnett Road home and the home on Bonnie Lane where [White] was observed were within a few miles of each other. Therefore, the evidence of each crime would be admissible in the trial of the other to show motive, intent, and identity.

Even assuming, *arguendo*, that the crimes should have been severed, there is not a reasonable probability of a different outcome and [White] suffered no prejudice. Law enforcement

personally observed [White] loitering and prowling. Based on the burglar's tools, ladder and other observations of law enforcement, at the time [White] was stopped for loitering and prowling, police were able to obtain a search warrant for [White]'s residence where they located the items stolen from [the home on] Burnett Road. The evidence was straightforward and was clearly capable of separation by the jury[,] as evidenced by the fact that the[ jury] was unable to reach a verdict on the [Burnett Road] burglary [charge], but found [White] guilty of possessing the items stolen [from Burnett Road]. Therefore, because [White] was not prejudiced, counsel was not ineffective for failing to pursue severance on appeal or PCRA[,] and this court properly denied the [P]etition without a hearing.

PCRA Court Opinion, 2/18/20, at 8-9.

We agree with and adopt the sound analysis of the PCRA court, and discern no abuse of discretion. *See Rivera*, *supra*.

Further, White's argument that the charges should have been severed pursuant to *Grillo* is also unavailing. In *Grillo*, this Court adopted three factors in determining whether multiple offenses constitute a single "act or transaction" under Pa.R.Crim.P. 582(A)(1)(b): "[(]1[)] the temporal sequence of events; [(]2[)] the logical relationship between the acts; and [(]3[)] whether they share common issues of law and fact." *Grillo*, 917 A.2d at 345. In this case, as the PCRA court notes in its sound Opinion, the charges related to the Burnett Road burglary and the Bonnie Lane incident satisfies this Court's ruling in *Grillo*, as the burglaries took place within a few weeks of one another, were logically related, and share common issues of law and fact. Accordingly, direct appeal counsel was not ineffective for failing to raise an argument under *Grillo*, as it lacked arguable merit. *See Fulton*, *supra*.

In his second issue, White argues that his appointed PCRA counsel was ineffective when he failed to raise the ineffectiveness of White's trial counsel in his PCRA Petition. Brief for Appellant at 12-15. In support of his underlying claim, White asserts that he was denied counsel at a "critical stage" of his proceedings, in violation his constitutional rights, when he was not appointed counsel to represent him at his preliminary arraignment. *Id.* at 12-13. According to White, had his PCRA counsel appropriately raised this issue, it would have ultimately warranted a new trial, as he experienced prejudice by not having counsel at his preliminary arraignment. *Id.* at 15.

Pursuant to Rule of Criminal Procedure 122(A), counsel shall be appointed "in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel[, or] in all cases, by the court, on its own motion, when the interests of justice require it." Pa.R.Crim.P. 122(A). "Ideally, counsel should be appointed to represent indigent defendants … immediately after preliminary arraignment in all court cases." Comment to Rule 122.

In this case, White was arrested on March 21, 2015, and his preliminary arraignment was held on March 22, 2015. The trial court docket reveals that White was advised of his right to apply for assignment of counsel, he was provided with the application for appointment of a public defender, and that White did not request a public defender. White's preliminary hearing took place on April 1, 2015, where he was represented by counsel. Further, the

record confirms that White was represented by counsel at each subsequent proceeding that followed. Accordingly, White was not denied counsel at a "crucial stage" of the proceedings against him pursuant to Rule 122(A), and his claim of ineffective assistance of counsel in failing to raise such an argument lacks arguable merit. *See Fulton*, *supra*.

In light of the foregoing, we discern no abuse of discretion in the PCRA court's determination to deny White's Petition without a hearing. *Maddrey*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21